**UNITED STATES of America, Appellee,**

v.

**Rita GATEWOOD, Appellant.**

**No. 85–1217.**

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 17, 1985.
Decided March 17, 1986.

Allen S. Boston, St. Louis, Mo., for appellant.

Larry Hale, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before McMILLIAN, Circuit Judge, HENLEY, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

HENLEY, Senior Circuit Judge.

Rita Gatewood was found guilty by a jury of possession of heroin with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). She was sentenced to five years imprisonment. On appeal she argues that the district court[1] should have granted her pretrial motion to suppress evidence because the search warrant which resulted in disclosure of the evidence lacked probable cause and was executed solely by state law enforcement officers in violation of Fed.R.Crim.P. 41. The motion had been denied after a suppression hearing was held.[2] She also argues that the evidence was insufficient to support her conviction, and that the district court erred in admitting certain exhibits because the government failed to establish the proper chain of custody. We affirm.

Detective Nicholas R. Frederiksen, a St. Louis police officer, obtained a search warrant from a United States Magistrate to search an apartment where Gatewood was believed to be selling heroin and cocaine. The police officers executing the warrant knocked at the door of the apartment and were told by Gatewood to wait a minute. There was a thirty second delay and the officers then knocked again. When the occupants failed to open the door, the police officers forcibly entered the apartment and found Gatewood and her boyfriend, Donald Love-El, in the east bedroom of the apartment, wearing sleeping attire. After they were arrested, Gatewood and Love-El dressed in clothes taken from the east bedroom. Gatewood first told the officers that her name was Patricia Hill, then later admitted that she was Rita Gatewood. She told them that her brother and his wife had rented the apartment for her and that several pieces of furniture in the apartment were hers. At trial, however, Gatewood presented testimony that the apartment was not hers and that she had been ill and was merely staying at her brother's apartment for a few days.[3]

In the east bedroom the officers found two bags of heroin hidden in a clock in a dresser drawer. The heroin was of high grade; one bag contained 25.26 grams of 43% pure heroin which had not been cut, and the other 7.80 grams of 26% pure heroin which had been cut with diphenhydramine and quinine. Because of the purity level, the heroin had a street value of $76,000.00.[4] The drawer also contained some of Gatewood's personal papers. A plastic bag and a bottle containing talc and a diphenhydramine/quinine mixture (used as heroin adulterants) were found on the top of the dresser. Gatewood told the officers that these powder substances were only "cut, maybe quinine." A small amount of heroin rolled up in a dollar bill was found in Gatewood's wallet. (Love-El pleaded guilty to possession of the heroin contained in the dollar bill.) The officers also found other paraphernalia associated with drugs, including an Ohaus triple beam scale which had Gatewood's fingerprint on it and numerous small plastic bags labeled "Tom Sawyer," "Bangy Sizzlers," and "Sweetart."

---

1. The Honorable William L. Hungate, United States District Judge, Eastern District of Missouri.

2. United States Magistrate Robert D. Kingsland held the suppression hearing; the findings were adopted by the district court.

3. Gatewood did not testify at trial.

4. Officer Frederiksen testified that the average purity level of heroin sold in the St. Louis area is 1% to 2%. If the approximately 33 grams of heroin had been cut to this level, it would then have had a street value of $76,000.00.

■ Gatewood first argues that the district court should have granted her motion for acquittal because the evidence was insufficient to establish that she had actual or constructive possession of the heroin or that she had intent to distribute the heroin. She argues that she was ill and was only temporarily staying in her brother's apartment, and that many other people used the apartment and the heroin could have belonged to any of them. When the sufficiency of the evidence is attacked, the evidence is viewed in the light most favorable to the government, the government is given the benefit of all reasonable inferences, and the verdict will be upheld if there is substantial evidence to support it. *United States v. Grego*, 724 F.2d 701, 704 (8th Cir.1984).

■ Gatewood's argument is without merit. The evidence, though largely circumstantial, was sufficient to support a jury verdict. She failed to open the door for the law enforcement officers, gave them different names and told conflicting stories as to who owned the apartment. She had knowledge of the heroin adulterants found in the apartment, as indicated by her comment to the officer, and her fingerprint was found on the triple beam scale. The larger quantities of heroin were found in a drawer containing some of her personal possessions, and some heroin was found in her purse. This evidence was more than sufficient to show that she had constructive possession of the heroin. *Cf. United States v. Bonham*, 477 F.2d 1137 (3d Cir.1973) (mere joint occupancy of a room is an insufficient basis for an inference of possession). The jury could also reasonably infer from the quantity and value of the heroin, the presence of adulterants, numerous small plastic bags and the triple beam scale, and the absence of items necessary for the personal use of heroin, that Gatewood intended to distribute the heroin. We find that there was no error in denying the motion for acquittal.

As indicated, Gatewood next argues that the search warrant and the subsequent search and seizure were illegal and invalid because the warrant was not executed by federal officers, but rather by state law enforcement officers, in violation of Fed.R. Crim.P. 41(c)(1). Rule 41(c)(1) states, "The warrant shall be directed to a civil officer of the United States authorized to enforce or assist in enforcing any law thereof or to a person so authorized by the President of the United States." Even if the warrant had been executed solely by state officers who were not authorized to conduct the search, which is disputed, there was no prejudicial error.

■ In *United States v. Burgard*, 551 F.2d 190, 193 (8th Cir.1977), we adopted the *Burke* rule of prejudicial error in regard to violations of Rule 41. *See United States v. Burke*, 517 F.2d 377, 386–87 (2d Cir.1975). Exclusion of evidence obtained by a warrant carried out by state officials is not required unless the search would not have otherwise occurred or there was evidence of an intentional and deliberate disregard of Rule 41. *Id.* This rule applies unless the defect permitted an unconstitutional warrantless search. *Id.* at 386; *see also United States v. Brown*, 584 F.2d 252, 259 (8th Cir.1978) (exclusion of evidence from search conducted by state and federal officials was not required, although the search warrant, issued by state judge, was neither requested by federal officers, nor directed to federal officers for execution in compliance with Rule 41), *cert. denied*, 440 U.S. 910, 99 S.Ct. 1220, 59 L.Ed.2d 458 (1979); *United States v. Pennington*, 635 F.2d 1387, 1389–90 (10th Cir.1980) (Assistant United States Attorney arranged for state agent to go before federal magistrate to secure a search warrant. Applying *Burke*, it was held that the evidence need not be excluded although the warrant was not executed by federal officials as required by Rule 41), *cert. denied*, 451 U.S. 938, 101 S.Ct. 2018, 68 L.Ed.2d 325 (1981).

■ Here, the search warrant was issued by the magistrate at the request of an Assistant United States Attorney, Richard Poehling, upon the affidavit of Detective Frederiksen. There is no evidence that the search would not have occurred if required

to be executed by federal officers since the Assistant United States Attorney requested the warrant in connection with a probable violation of federal law; nor is there any evidence of an intentional or deliberate attempt to violate the provisions of Rule 41. The district court properly denied the motion to exclude evidence on this ground.

Gatewood also argues that the search warrant was invalid because it lacked detail and did not show veracity and reliability. She believes that the affidavit failed to demonstrate that there was probable cause that heroin would be found in the apartment under the totality of the circumstances test set out in *Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983). The affidavit states that the affiant spoke with an informant who stated that Rita Gatewood and Donald Love-El recently returned from California with several ounces of heroin. The informant gave the address of the apartment and stated that he had seen the heroin at the described location. The affiant stated that he had known the informant for over two years and that the informant had previously given information that had led to the arrest of numerous people and several convictions. The affiant also stated that during surveillance of the apartment a male and female fitting the descriptions of Gatewood and Love-El were observed, and that Gatewood had a prior conviction for possession of heroin with intent to distribute.

Deference is given to a magistrate's determination that probable cause exists. *Id.* at 236, 103 S.Ct. at 2331; *United States v. Brown*, 584 F.2d at 256. The affidavit stated that an informant, who had previously proven his reliability, had observed the heroin firsthand in the apartment, and observation by police officers of the apartment had confirmed the descriptions of Gatewood and her boyfriend. Specific detail about the interior of the apartment, the location of the heroin within the apartment, the amount of heroin, etc., would not have particularly aided the magistrate in determining the reliability of the informant's information and therefore was not necessary. We believe the magistrate had a substantial basis for his determination that there was a fair probability that heroin would be found in the apartment.

Gatewood's final argument is that the district court erred in admitting certain exhibits because the government failed to establish a proper chain of custody. These exhibits include the plastic bags containing the heroin, the dollar bill which contained heroin and the plastic bags or jars containing the white cutting agent.

The exhibits were properly admitted if they were " 'in substantially the same condition as when the crime was committed.' " *United States v. Anderson*, 654 F.2d 1264, 1267 (8th Cir.) (quoting *United States v. Lane*, 591 F.2d 961, 962 (D.C.Cir. 1979)), *cert. denied*, 454 U.S. 1127, 102 S.Ct. 978, 71 L.Ed.2d 115, (1981). The integrity of the evidence is presumed to have been preserved by the government officials unless there is some showing by the defendant of bad faith, ill will, or some sort of tampering with the evidence. *Id.* If the defendant makes some sort of minimal showing of improper motivation or tampering with the evidence, then the government must establish that "precautions were taken to maintain the evidence in its original state." *Id.; see also United States v. Brown*, 482 F.2d 1226, 1228 (8th Cir.1973); *Brewer v. United States*, 353 F.2d 260, 262–63 (8th Cir.1965).

The officer in charge of the heroin testified that when he received the exhibits from the officer who had seized them he placed them in heat sealed bags, initialed them, mailed them to Chicago for lab processing, and then brought the exhibits from his office to the courtroom. He testified that the exhibits were in substantially the same condition they had been in when he first received them and sealed them in heat sealed bags, except that the powdered substances had been placed in smaller heat sealed bags at the laboratory. The district court noted that the exhibits still carried his initials. Since there is no evidence that the exhibits had been tampered with or any showing of improper motivation on the part

of the government officials, we are unable to say that the district court abused its discretion in admitting the evidence.

The judgment of the district court is affirmed.