848 F.2d 184
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
FUSION ENERGY FOUNDATION, INC., a New York corporation;
Schiller Institute, Inc., a District of Columbia
corporation; National Democratic Policy Committee;
Independent Democrats for Larouche; the Larouche Campaign;
Leesburg Security Fund, Plaintiffs-Appellants,
v.
Mary Sue TERRY, Attorney General of the Commonwealth of
Virginia; R.L. Southard, Director, Virginia State Police;
Michael A. Spivey, individually and as a member of the
Virginia State Police; R.H. Perry, III, individually and as
a member of the Virginia State Police, Defendants-Appellees.
 No. 87-1549.
 United States Court of Appeals, Fourth Circuit.
 Argued: Nov. 3, 1987.
Decided: May 20, 1988.
 
 Karl W. Pilger (Patrick J. Moran, on brief), for appellants.
 Gregory E. Lucyk, Assistant Attorney General (H. Lane Kneedler, Chief Deputy Attorney General; Stephen D. Rosenthal, Deputy Attorney General; John B. Russell, Jr., Senior Assistant Attorney General, on brief), for appellees.
 Before MURNAGHAN and ERVIN, Circuit Judges, and FRANK A. KAUFMAN, Senior United States District Judge for the District of Maryland, sitting by designation.
 PER CURIAM:
 
 
 1
 Six organizations affiliated with Lyndon B. LaRouche and his supporters instituted this action under 42 U.S.C. Sec. 1983 against four officers of the Commonwealth of Virginia who played different roles in connection with a joint federal-state search of two Leesburg, Virginia buildings which housed offices and records of LaRouche organizations other than plaintiffs. Those other organizations were the targets of the search, which was undertaken pursuant to both federal and state warrants. The federal warrant apparently listed items not set forth in the state warrant, while the latter seemingly included only items set forth in the federal warrant.
 
 
 2
 Plaintiffs assert that they were not targets of the search and any documents belonging to them and seized by two of the defendants, Virginia police officers Spivey and Perry, were taken in violation of plaintiffs' constitutional rights under the Fourth Amendment. Plaintiffs seek monetary damages from Spivey and Perry. Insofar as the other two defendants, the Attorney General of Virginia and the Director of the Virginia State Police, are concerned, plaintiffs seek injunctive relief to require, inter alia, the return of the seized documents and the identification of persons to whom information set forth in those documents has been made known. The district court concluded that the undisputed facts revealed by the record disclose that Spivey did not participate in the search and that Perry seized only documents which were within the scope of the Virginia warrant. The district court also determined that plaintiffs could not obtain the injunctive relief which they sought because federal, and not state, authorities controlled the documents. For those reasons, the district court granted defendants' motion for summary judgment as to all of plaintiffs' claims. Plaintiffs thereupon noted this appeal.
 
 I.
 
 3
 Prior to oral argument before us, appellants moved (a) to supplement the record on appeal to include a transcript of a state court proceeding involving one of the defendants, and (b) to remand this case to the district court for reconsideration based on the supplemented record. The state court transcript relates to an August 29, 1987 suppression hearing in the Circuit Court for Loudoun County, Virginia--held subsequent to the judgment of the district court--and indicates, according to appellants, that the Commonwealth is able to produce the seized documents if so ordered by the district court even though the documents may jointly or solely be in the custody of the federal authorities. During oral argument before us, appellants abandoned their motion to remand and appellees withdrew their objection to supplementation of the record. Accordingly, appellants' motion to remand has now become moot and appellants' motion to supplement the record is granted.
 
 II.
 
 4
 In an uncontroverted affidavit, Spivey states that he participated in the search of only one of the two buildings and that his role was limited to (a) serving the state search warrant on the one building with which he was involved and (b) thereafter filing an inventory of the search of that one building with the Loudoun County Court. Spivey's signature on the warrant relating to that one building, as "executing officer," is consistent with that affidavit. We agree with the district court that Virginia Code Sec. 19.2-57 contemplates a situation in which the officer who actually seizes property in a search may be a person other than the officer who is charged with executing the warrant. Because appellants have offered no evidence to challenge Spivey's affidavit, the district court properly granted summary judgment in his favor.
 
 III.
 
 5
 In his affidavit Perry has stated that he served the search warrant on a building other than that with which Spivey was involved, and participated in the search and seizure of records in a file room in that building. Perry has submitted copies of the state and federal inventories of items seized in that room and has sworn in his affidavit that he did not seize records of any of the six plaintiffs. The inventory of the federal warrant lists all the items seized in that file room during the search. There are also checkmarks on that inventory alongside each of the items which Perry contends are covered by the state warrant. The record does not describe any details of how the federal officers and Perry conducted the search. During oral argument before us, counsel for appellees suggested that Perry may have helped the federal officers seize items pursuant to the federal warrant which were not covered by the state warrant and, after the search was completed, placed checkmarks alongside each of the items on the federal inventory list which were covered by the state warrant. The district court did not refer to such a factual possibility, nor did it discuss the legal issue of whether or not a state officer lawfully can seize items under the authority of a federal warrant in a joint state-federal search which are not covered by a state warrant. However, under the circumstances of this case, those matters do not entitle appellants to any relief.
 
 
 6
 The issuance of a federal search warrant is governed by Fed.R.Crim.P. 41(c), which states, inter alia, that a "warrant shall be directed to a civil officer of the United States." Fed.R.Crim.P. 41(c)(1). That rule apparently is violated whenever a federal warrant is directed to or executed by anyone other than a federal officer.
 
 
 7
 But a ministerial violation of Rule 41 does not necessarily rise to the level of a constitutional violation. In United States v. Wyder, 674 F.2d 224, 226 (4th Cir.), cert. denied sub nom. Mallory v. United States, 457 U.S. 1125 (1982), a defendant in a criminal case claimed that a search was invalid because he had been given an inaccurate copy of the warrant in violation of Fed.R.Crim.P. 41(d). This Court rejected that claim and "endorse[d] the doctrine that ministerial violations of Rule 41(d) require suppression only if the defendant can demonstrate that he was prejudiced by the violation." Id. at 226.
 
 
 8
 This court has not previously addressed the questions of whether a state officer who seizes items in a federal search violates Rule 41 and, if so, whether such violation is ministerial, entitling the person allegedly harmed to no relief in the absence of prejudice. Two other circuits have denied relief under those circumstances. See United States v. Gatewood, 786 F.2d 821, 824 (8th Cir.1986); United States v. Pennington, 635 F.2d 1387, 1389-90 (10th Cir.1980), cert. denied, 451 U.S. 938 (1981). The approach of Wyder, Gatewood and Pennington would appear consistent with the standards enunciated by the Supreme Court in United States v. Leon, 468 U.S. 897 (1984) and Massachusetts v. Sheppard, 468 U.S. 981 (1984).
 
 
 9
 In this case, the record indicates that even if Perry seized items pursuant to the federal warrant which were not included in the state warrant, Perry acted in good faith and committed, at most, a ministerial violation of Rule 41. Since appellants can demonstrate no prejudice flowing from Perry's actions, as the federal officers would have seized the items in any case, we conclude that no violation arising to a constitutional level has occurred and that accordingly, the district court's grant of summary judgment in favor of Perry should be affirmed.
 
 IV.
 
 10
 Appellants are not entitled to injunctive relief because there is available to them an adequate remedy at law, namely, a motion for the return of property under Federal Rule of Criminal Procedure 41(e). That remedy is applicable since the federal authorities seemingly have at least joint possession and control of the documents appellants seek. Further, as a practical matter, because appellants apparently have access to copies of those documents pursuant to an agreement reached during a state court suppression hearing in Loudoun County on August 27, 1987, subsequent to the district court's opinion, there is no longer any need for the grant of injunctive relief to make those documents available to appellants.
 
 
 11
 AFFIRMED.