**UNITED STATES of America, Appellee,**

v.

**Anthony Patrick FREEMAN, Appellant.**

No. 89–1333.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 14, 1989.

Decided Feb. 28, 1990.

Wayne Schoeneberg, St. Charles, Mo., for appellant.

David Rosen, St. Louis, Mo., for appellee.

Before JOHN R. GIBSON, Circuit Judge, BRIGHT, Senior Circuit Judge and FAGG, Circuit Judge.

BRIGHT, Senior Circuit Judge.

Anthony Patrick Freeman appeals his conviction for altering vehicle identification numbers in violation of 18 U.S.C. § 511 (Supp. IV 1986) and for possession with intent to sell or dispose of stolen car parts in violation of 18 U.S.C. § 2321 (Supp. IV 1986). He contends that the evidence seized from his premises, under authority of a state search warrant, should be suppressed in his federal prosecution because the person who applied for and participated in the execution of the warrant lacked authority to do so under both federal and state law. Because we conclude that the warrant and its execution were without constitutional infirmity and neither prejudiced Freeman nor resulted from intentional and deliberate disregard of procedural requirements, we hold that the exclusionary rule does not apply. Accordingly, we affirm the conviction.

## I. BACKGROUND

Thomas F. Ley, who describes himself as a criminal investigator, serves as a special agent for the Missouri Department of Revenue. In his work, Ley investigates possible violations of state law relating to automobile tampering and the failure of salvage dealers to obtain an operating license.

During June and July of 1987, Ley participated in an investigation of the automobile salvage activities of Freeman.

On July 8, 1987, Ley applied for a warrant in state court to search the premises in St. Charles County, Missouri, that he believed Freeman used for salvage activities. Ley signed his name on the warrant application form, but did not identify his status as a special agent or criminal investigator. Ley's supporting affidavit establishing probable cause, however, contained his signature and identified him as "Special Agent Missouri Dept. of Revenue." Nowhere on either form did Ley inform the state court judge[1] reviewing the warrant application that he was not a peace officer empowered by Missouri law to apply for a search warrant. *See* MO.REV.STAT. §§ 542.261, .276.1 (1986).[2]

Armed with a warrant directed to "ANY PEACE OFFICER IN THE STATE OF MISSOURI," Ley searched Freeman's premises and seized the evidence which is now at issue. Ley conducted this search with the assistance of an officer of the Missouri State Highway Patrol and a deputy sheriff for St. Charles County. Ley alone, however, completed the official return and inventory.[3]

Based on the evidence seized, the State charged Freeman with various violations of state law. These charges were later voluntarily dismissed. Thereafter, a federal grand jury indicted Freeman on two counts of altering vehicle identification numbers and one count of possession with intent to sell or dispose of stolen car parts.

Freeman then moved to suppress the evidence seized in the search, asserting that the failure to comply with the requirements of the Missouri search warrant statute, namely application and execution by a peace officer, rendered the search warrant invalid. In support, he argued that under Missouri law, Ley, as a criminal investigator, could not properly apply for or execute a search warrant because Ley was not a peace officer within the meaning of the governing statute. *See* MO.REV.STAT. §§ 542.261, .276.1.

In testimony during the suppression hearing, Ley conceded that he did not serve as a peace officer of the State of Missouri, one empowered by law to apply for a warrant. In his explanation on cross-examination, Ley cryptically testified: "I was not familiar. I didn't know that I could carry out the function of not making a return on a search warrant. That's all I can testify to." Motion Hearing Transcript at 9.

The magistrate[4] recommended denying the suppression motion, relying on *United States v. Burgard*, 551 F.2d 190 (8th Cir. 1977), which states:

> [S]uppression of the fruits of the search [where statutory requirement relating to the return of the warrant was not met] is not required absent a showing of (1) "prejudice in the sense that the search might not have occurred or would not have been so abrasive if the Rule had been followed," or (2) "evidence of intentional and deliberate disregard of a provision in the Rule."

*Id.* at 193 (quoting *United States v. Burke*, 517 F.2d 377, 386–87 (2d Cir.1975)).

Notwithstanding the equivocal answer Ley gave when asked whether he knew that he lacked authority to apply for a search warrant, the magistrate determined:

---

1. The Honorable William T. Lohmar, Jr., Circuit/Associate Judge of the Circuit Court of the County of St. Charles, Missouri.

2. Section 542.276.1 restricts who may apply for a warrant under Missouri law: "Any peace officer or prosecuting attorney may make application under section 542.271 for the issuance of a search warrant."
   Section 542.261 defines peace officer as follows: "As used in sections 542.261 to 542.296 and section 542.301, the term *peace officer* means a police officer, member of the highway patrol to the extent otherwise permitted by law to conduct searches, sheriff or deputy sheriff."

3. The return and inventory form completed by Ley read in part: "I, Thomas F. Ley, being a peace officer within and for the aforesaid County, to-wit: St. Charles, do hereby make return to the above and within warrant as follows...." Appellant's Appendix at 7.

4. The Honorable William S. Bahn, United States Magistrate for the Eastern District of Missouri.

In this case, there is nothing to indicate that the search of the defendant's property for evidence of tampering could not have gone forward with an affiant other than investigator Ley. Further, the defendant has made no showing of an intentional or deliberate disregard by Ley of the rules governing search warrants.

Magistrate's Review and Recommendation at 6. The district court[5] approved the magistrate's recommendation and permitted introduction of the seized evidence at trial.

Following a two-day trial, the jury returned a guilty verdict on all counts. The district court sentenced Freeman to three years imprisonment on the possession count, suspended sentence on the remaining counts and imposed a five-year period of probation. Freeman then moved for a reduction of sentence, which motion the district court denied. This timely appeal followed.

## II. DISCUSSION

On appeal, Freeman contends that the exclusionary rule bars introduction of evidence seized under a search warrant issued to an individual lacking authority to apply for such a warrant. Freeman further argues that the good faith exception to the valid warrant requirement articulated in *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984) and *Massachusetts v. Sheppard*, 468 U.S. 981, 104 S.Ct. 3424, 82 L.Ed.2d 737 (1984) does not excuse the improper execution of the warrant.

In analyzing this case, it makes little difference whether we evaluate the validity of the warrant application under state law, *see United States v. Martin*, 600 F.2d 1175 (5th Cir.1979), or under the traditional notion that a warrant underlying a federal conviction must be examined in light of federal standards, *see United States v. Shegog*, 787 F.2d 420, 422 (8th Cir.1986); *United States v. Ross*, 713 F.2d 389, 393 n. 7 (8th Cir.1983); *United States v. Montgomery*, 708 F.2d 343, 344 (8th Cir.1983). Both federal and state law congruently require that persons applying for a warrant must possess lawful authority. Under Missouri law, the applicant must be a "peace officer or prosecuting attorney." *See* MO. REV.STAT. § 542.276.1. Under federal law, the applicant must be "a federal law enforcement officer or an attorney for the government." *See* Fed.R.Crim.P. 41(a);[6] *see also, United States v. Parker*, 836 F.2d 1080, 1083 (8th Cir.1987), *cert. denied*, 486 U.S. 1025, 108 S.Ct. 2002, 100 L.Ed.2d 233 (1988); *United States v. Gatewood*, 786 F.2d 821, 824–25 (8th Cir.1986).

Freeman's argument rests on the thesis that inasmuch as applicant Ley did not possess authority under law to obtain a search warrant, the warrant issued is invalid and the evidence seized thereunder must be rejected under the exclusionary rule. Freeman cites no authority for applying the exclusionary rule to procedural violations which do not implicate the constitutional values of probable cause or description with particularity of the place to be searched and items to be seized. Moreover, we have found no case which would support Freeman's position.

A number of federal cases, although none from the United States Supreme Court, have considered whether a violation of the procedural requirements governing the application, issuance and execution of search warrants triggers application of the exclusionary rule. The seminal case in this area is *United States v. Burke*, 517 F.2d 377 (2d Cir.1975). In *Burke*, the warrant at issue failed to comply with Fed.R. Crim.P. 41(c) in three respects: (1) the warrant was directed to a state police officer; (2) the warrant did not specify return with-

---

**5.** The Honorable George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri.

**6.** Fed.R.Crim.P. 41(a) provides:

**Search and Seizure**

   **(a) Authority to Issue Warrant.** A search warrant authorized by this rule may be issued by a federal magistrate or a judge of a state court of record within the district wherein the property or person sought is located, upon request of a federal law enforcement officer or an attorney for the government.

in ten days; and (3) the warrant did not specify a return to a designated federal magistrate, but rather contemplated a return to the issuing state judge. *Id.* at 381–82.

Judge Friendly, writing for the court, noted the existence of "relatively little case law on the question how far the failure of a warrant to conform to provisions of Rule 41 other than those concerned with the constitutional requirements of probable cause and particularity of description will trigger the exclusionary rule." *Id.* at 385. The court ruled that in the absence of

an unconstitutional warrantless search, violations of Rule 41 alone should not lead to exclusion unless (1) there was "prejudice" in the sense that the search might not have occurred or would not have been so abrasive if the Rule had been followed, or (2) there is evidence of intentional and deliberate disregard of a provision in the Rule.

*Id.* at 386–87 (footnotes omitted).

Judge Friendly's opinion referred to one case to the contrary, *Navarro v. United States*, 400 F.2d 315 (5th Cir.1968). In *Navarro*, the search warrant had not been issued by a judge of a state court of record. The court determined that this violation of Rule 41 tainted the search and that, because validation of such a search might give rise to a limited revival of the "silver platter" doctrine laid to rest in *Elkins v. United States*, 364 U.S. 206, 223–24, 80 S.Ct. 1437, 1447, 4 L.Ed.2d 1669 (1960), the evidence should have been excluded. *Navarro*, 400 F.2d at 319–20.

The *Navarro* case is the one case that may support the proposition that a violation of procedures relating to a warrant application may trigger application of the exclusionary rule. However valid that authority might have been at one time, it cannot stand as authority for Freeman's position in light of the Fifth Circuit's action in *United States v. Comstock*, 805 F.2d 1194, 1207 (5th Cir.1986), *cert. denied*, 481 U.S. 1022 (1987), overruling *Navarro*. After determining that *Navarro* had been eroded by subsequent case law, the *Comstock* court stated:

Our evaluation of the costs and benefits of suppressing this highly reliable physical evidence leads us to the conclusion that suppression is not warranted. A trial is, after all, primarily a search for the truth, and society has a strong interest in the conviction of those who have broken its criminal laws. Deterrence of official illegality, and preserving judicial integrity, are also important considerations. But here each weighs much less heavily as the violation is neither of constitutional dimensions nor intentional. Further, there is no prejudice to substantive rights of the kind alluded to in [*U.S. v.*] *Loyd* [721 F.2d 331 (11th Cir.1983); *U.S. v.*] *Stefanson* [648 F.2d 1231 (9th Cir.1981)], and [*U.S. v.*] *Searp* [586 F.2d 1117 (6th Cir.1978)]. While our holding may "put a premium" on ignorance, we think that realistically any such premium is very small in this character of case, considering especially that we do not countenance conscious indifference or reckless disregard; the costs of suppression, in our view, weigh more heavily in the scales.

*Id.* at 1210.

This general refusal to apply the exclusionary rule to violations of Rule 41 provisions, absent a constitutional infirmity or showing of prejudice or reckless disregard, has been adopted in other circuits. *See United States v. Loyd*, 721 F.2d 331, 333 (11th Cir.1983); *United States v. Stefanson*, 648 F.2d 1231, 1235 (9th Cir.1981); *United States v. Pennington*, 635 F.2d 1387, 1390 (10th Cir.1980), *cert. denied*, 451 U.S. 938, 101 S.Ct. 2018, 68 L.Ed.2d 325 (1981); *United States v. Mendel*, 578 F.2d 668, 673 (7th Cir.), *cert. denied*, 439 U.S. 964, 99 S.Ct. 450, 58 L.Ed.2d 422 (1978); *Burke*, 517 F.2d at 381–85. *But cf., United States v. Shorter*, 600 F.2d 585, 588–89 (6th Cir.1979) (holding that Rule 41(c)(2)(D) governing telephone applications for warrants speaks more of substance than procedure and therefore a violation of the provision requires suppression).

In *United States v. Luk*, 859 F.2d 667 (9th Cir.1988), the Ninth Circuit faced the precise question that is before us in the

present case: whether the application for a warrant by an unauthorized person triggers application of the exclusionary rule. In *Luk*, an administrative officer of the United States, who served as an investigator but who was not authorized to apply for a search warrant, made the application for a federal warrant to a magistrate. In a comprehensive opinion, the court determined that no automatic exclusionary rule should be created or applied to a warrant improperly issued to and executed by an officer lacking authority to apply for and execute a search warrant under Rule 41. The court examined the question using a fundamental/nonfundamental approach:

> Only a "fundamental" violation of Rule 41 requires automatic suppression, and a violation is "fundamental" only where it, in effect, renders the search unconstitutional under traditional fourth amendment standards. Violations of Rule 41 which do not arise to constitutional error are classified as "non-fundamental." "Non-fundamental" noncompliance with Rule 41 requires suppression only where:
>
>> '(1) there was "prejudice" in the sense that the search might not have occurred or would not have been so abrasive if the Rule had been followed, or
>>
>> (2) there is evidence of intentional and deliberate disregard of a provision in the Rule.'

*Id.* at 671 (quoting *United States v. Vasser*, 648 F.2d 507, 510 (9th Cir.1980), *cert. denied*, 450 U.S. 928, 101 S.Ct. 1385, 67 L.Ed.2d 360 (1981)).

In reaching its decision, the *Luk* court stated:

> Applying this analysis to the instant case, the nonfundamental Rule 41 violation in question is not equivalent to a fundamental violation because it neither prejudiced Luk nor resulted from deliberate disregard or bad faith on the part of Agent Koplik [the government agent] or Assistant United States Attorney Ross-

bacher. The Rule 41 violation here did not prejudice Luk; the violation did not itself result in ... "an unconstitutional warrantless search."

859 F.2d 673–74.

This fundamental/nonfundamental approach relies on the test enunciated in *Burke*, 517 F.2d at 386–87, which this court adopted in *Burgard*, 551 F.2d 190, 193 (8th Cir.1977), albeit in different circumstances. And it is the *Burgard* approach which we now apply.

The instant case is a close case. The circumstances relating to Ley's violation of the procedures for application and execution of the warrant are more egregious than in any of the cases previously cited because here Ley did not consult with anyone in authority before applying for the warrant. *See, e.g., Luk*, 859 F.2d at 669; *Parker*, 836 F.2d at 1083; *Gatewood*, 786 F.2d at 824–25. Further, evidence in the record supports a conclusion that Ley himself controlled and supervised the search and made the return, although joined in that search by qualified peace officers.

Nevertheless, we conclude that these concerns were minimally overcome here. As noted, the magistrate found that Ley, although unauthorized to apply for and execute a search warrant, carried out the application and execution in good faith, believing that he possessed authority to do so. This finding is not clearly erroneous.

Moreover, the record as a whole demonstrates that no constitutional violation occurred: the affidavit supporting the search warrant provided probable cause to search and the search warrant described with particularity the place to be searched and the items to be seized. Additionally, Freeman suffered no prejudice in the sense that the search might not have occurred or been so abrasive had the procedural requirements been followed. Accordingly, we cannot say the district court erred in denying the suppression motion.[7]

---

**7.** Although we determine under the facts of this case that suppression was not required, we emphasize, as did the *Comstock* court, that "we do not countenance conscious indifference or reckless disregard" of the statutory or procedural rule provisions governing warrant application and execution. *United States v. Comstock*, 805 F.2d 1194, 1210 (5th Cir.1986), *cert. denied*, 481 U.S. 1022, 107 S.Ct. 1908, 95 L.Ed.2d 513 (1987).

III. CONCLUSION

Accordingly, we affirm Freeman's conviction.