UNITED STATES of America, Appellee,

v.

Roy Gene HYTEN, Appellant.

No. 92–3904.

United States Court of Appeals,
Eighth Circuit.

Submitted May 11, 1993.

Decided Sept. 29, 1993.

Rehearing and Suggestion for Rehearing
En Banc Denied Dec. 7, 1993.

Deborah Ellis, St. Paul, MN, argued, for appellant.

B. Todd Jones, Asst. U.S. Atty., Minneapolis, MN, for appellee.

Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

BEAM, Circuit Judge.

Roy Gene Hyten appeals his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).[1] Hyten contends that the district court[2] erred by refusing to suppress evidence gathered pursuant to a defective warrant. We affirm.

## I. BACKGROUND

Hyten's wife was the object of an extensive undercover narcotics investigation spanning nearly two months. The investigation centered on two addresses, one of which was Mrs. Hyten's home. Deputy Clapp of Hennepin County participated extensively in the investigation, engaging in surveillance and making controlled drug buys from Mrs. Hyten. In mid-January 1992, Deputy Clapp drafted an affidavit in preparation for obtaining warrants to search the two addresses. The affidavit related the information he had personally gathered during the investigation. Deputy Wold of Anoka County participated as a surveillance officer at one of the controlled buys, and was designated in the application for warrant as one of the officers who would execute the warrant. Deputy Clapp, Deputy Wold, and several other deputies went to Anoka County to procure the warrants.[3] Deputy Wold read Deputy Clapp's affidavit and discussed the investigation with Deputy Clapp. At the court house, Deputy Wold appeared before the judge with the affidavit and requested the warrants, while Deputy Clapp waited in the hall.[4] The judge noticed that Deputy Clapp, not Deputy Wold, was the named affiant and questioned Deputy Wold about the discrepancy. Deputy Wold pointed out that he was the executing officer. After examining the affidavit for approximately ten minutes, the judge directed Deputy Wold to take an oath and to sign the affidavit. The judge then issued the warrant, and the firearm underlying Hyten's conviction was found in the ensuing search.

## II. DISCUSSION

Hyten bases his argument that the district court erred in denying his motion to suppress on two grounds. First, he asserts

---

1. We note that the judgment contains a typographical error as to Hyten's crime of conviction. The judgment should read 18 U.S.C. § 922(g)(1) rather than 18 U.S.C. § 922(g)(2).

2. The Honorable Diana E. Murphy, United States District Judge for the District of Minnesota.

3. Both addresses under investigation were located in Anoka County.

4. The District Court Judge for Anoka County issues search warrants only to officers from her jurisdiction.

that the warrant was constitutionally defective on its face because the officer who took the oath affirming the affidavit was not the officer who the affidavit named as the affiant. Second, Hyten contends that the warrant for Mrs. Hyten's residence, even if not facially defective, was not supported by probable cause. We review the district court's refusal to suppress evidence for clear error, *United States v. Williams*, 917 F.2d 1088, 1090 (8th Cir.1990). We must uphold the district court's decision unless: (1) it is not supported by substantial evidence; (2) it is based on an incorrect determination of applicable law; or (3) we are convinced, in view of the record as a whole, that an error has been made. *United States v. Meirovitz*, 918 F.2d 1376, 1379 (8th Cir.1990), *cert. denied,* —— U.S. ——, 112 S.Ct. 101, 116 L.Ed.2d 71 (1991).

### A. The Facial Validity of the Warrant

 Without further analysis, we think that the judge had sufficient credible information available to find probable cause for the issuance of the warrants. Beyond that, it is well settled that the statements of a reliable informant can provide, by themselves, a sufficient basis for the issuance of a warrant. *United States v. Pressley*, 978 F.2d 1026, 1027 (8th Cir.1992). When determining the sufficiency of an informant's statements as probable cause for issuing a warrant, the issuing court must consider the totality of the circumstances. *Illinois v. Gates*, 462 U.S. 213, 230–34, 103 S.Ct. 2317, 2328–30, 76 L.Ed.2d 527 (1983). The basis of the informant's knowledge and the informant's credibility or reliability are highly relevant to a court's determination that probable cause exists. *Id.* at 230, 103 S.Ct. at 2328.

 In the present situation, Deputy Clapp is, at least, the functional equivalent of a reliable informant. Deputy Clapp gave Deputy Wold a draft affidavit, detailing Deputy Clapp's personal knowledge of Mrs. Hyten's illegal activities. In this document, Deputy Clapp also stated his name, his place of employment, and that he was a police officer. Deputy Wold worked with Deputy Clapp on the investigation, and he read and discussed the affidavit with Deputy Clapp. When Deputy Wold swore to and signed the affidavit, he essentially stated under oath that Deputy Clapp was the person who the affidavit said he was and that Deputy Clapp had made the statement contained in the affidavit. Not only is the personal basis of Clapp's knowledge extensively set out in the affidavit, but so is Clapp's position in the community and, inferentially, his reputation for veracity. *See Gates* 462 U.S. at 233–34, 103 S.Ct. at 2329–30. Deputy Wold's failure to delete Deputy Clapp's name from the initial phrase of the affidavit and to insert his own in its place was undoubtedly an error, but we are convinced that it was an error of technical rather than constitutional magnitude. Hyten's argument that the Fourth Amendment was violated because there was no oath by the affiant totally ignores Deputy Wold's oath and adoption of the affidavit. The situation is no different than that of an affiant presenting information garnered from a named informant and we do not attach constitutional significance to either Wold's or the judge's oversight in failing to modify the initial phrase of the affidavit.[5]

---

5. Because we find the warrant to be constitutionally valid, we need not reach the *Leon* "good faith" exception to the exclusionary rule. *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). However, we note that there is nothing in this record to imply that Deputies Wold or Clapp acted in bad faith. Officer Clapp was in the hallway while Officer Wold procured the warrant and could easily have personally signed the affidavit if the judge had so permitted or requested. The affidavit contained no misinformation. The magistrate did not abandon her judicial role. She examined the affidavit for nearly ten minutes and questioned Wold about the discrepancy in names. After Wold pointed out that he was named as the executing officer, the judge decided that Wold could swear to the affidavit, and directed him to do so. If there was any error, it was the magistrate's, not Wold's. Officers are not ordinarily expected to question a magistrate's judgment as to a warrant's technical sufficiency. *Id.* at 921, 104 S.Ct. at 3419. After the judge directed Wold to become the affiant, his reliance on the resulting warrant was not objectively unreasonable. The exclusionary rule is designed to deter unlawful errors by police, not to punish magisterial errors. *See Massachusetts v. Sheppard*, 468 U.S. 981, 990, 104 S.Ct. 3424, 3429, 82 L.Ed.2d 737 (1984). Therefore, even had the magistrate committed an error of constitutional magnitude, Deputy Wold's reliance on the warrant was objective-

Assuming that Federal Rule of Criminal Procedure 41 is also relevant in determining the admissibility of evidence seized pursuant to a warrant issued under state law, as we did in *United States v. Freeman*, 897 F.2d 346, 348–49 (8th Cir. 1990), that Rule affords Hyten no relief. Absent a constitutional infirmity, the exclusionary rule is applied only to violations of Federal Rule 41 that prejudice a defendant or show reckless disregard of proper procedure. *Id.* at 349. We have already determined that the error here was not of constitutional magnitude. To determine prejudice, we ask whether the search would have occurred had the rule been followed. If so, there is no prejudice to the defendant. *Id.* at 350. Had Deputy Clapp instead of Deputy Wold attested to the affidavit, there is no question the search would have occurred. Therefore, Hyten has not been prejudiced. Finally, our prior determination that both Deputies Wold and Clapp acted in good faith precludes any finding of reckless disregard of proper procedure on their part.

### B. Probable Cause to Search Mrs. Hyten's Residence

Hyten next contends that there was no probable cause to search Mrs. Hyten's residence, one of two addresses for which warrants were issued, because the affidavit did not mention it. However, the application lists Mrs. Hyten's residence and the affidavit refers to both addresses throughout including a quote from Mrs. Hyten that "the stuff was at her house now." The Hyten residence is omitted only from the final paragraph of the affidavit, and this clerical error does not render the district court's determination of probable cause erroneous.

### III. CONCLUSION

For the reasons stated above, we affirm the district court's judgment in all respects.

ly reasonable and the motion to suppress was properly denied.