**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 07-4334**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WILLIAM C. MURPHY, JR.,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Fox, Senior District Judge. (7:05-cr-00034-F)

———————————

Submitted: January 23, 2008      Decided: March 4, 2008

———————————

Before TRAXLER, GREGORY, and SHEDD, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Sue Genrich Berry, BOWEN, BERRY AND POWERS, PLLC, Wilmington, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Anne M. Hayes, Wes J. Camden, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a jury trial, William C. Murphy, Jr., was convicted of possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) (2000), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C.A. § 924(c)(1)(A) (West Supp. 2007). The district court sentenced Murphy to ten months in prison on the drug trafficking count and a consecutive sixty months in prison on the firearms count. Murphy timely appeals, challenging the district court's denial of his two suppression motions.

Murphy first argues that the initial traffic stop violated his Fourth Amendment rights. We find that, based on the information available to the officers at the time of the stop, namely that Murphy was driving with an expired North Carolina driver's license, the traffic stop was proper. Whren v. United States, 517 U.S. 806, 810 (1996) ("As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred.").

Murphy also contends that the search warrant was constitutionally deficient because the affidavit supporting the warrant listed one officer, but another officer signed it. We find that this technical error did not amount to a constitutional violation and did not invalidate the search warrant. See United States v. Hyten, 5 F.3d 1154, 1156-57 (8th Cir. 1993) (holding that affidavit listing incorrect name of affiant did not require suppression).

Accordingly, we affirm Murphy's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>