# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-1993
_____

United States of America

*Plaintiff - Appellee*

v.

Joshua Welch

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: November 19, 2015
Filed: January 21, 2016

_____

Before RILEY, Chief Judge, BEAM and KELLY, Circuit Judges.

_____

BEAM, Circuit Judge.

Joshua Welch was convicted of receiving, attempting to receive, and accessing with intent to view child pornography in violation of 18 U.S.C. § 2252A(a)(2),

-1-

(a)(5)(B).  He challenges the district court's[1] (1) denial of his motion to suppress and (2) exclusion of hearsay evidence.  We affirm.

## I.      BACKGROUND

The FBI began an investigation in 2012 into a computer server in Bellevue, Nebraska, that was hosting child-pornography websites.  This case pertains to one of those websites, "PedoBook."  The website operates on a clandestine network, accessible only with special software and designed to obscure a user's identity.  This prevented FBI agents from discovering the Internet Protocol (IP) addresses of PedoBook users.  An Internet Service Provider (ISP) assigns an IP address to an individual computer using its Internet service and associates the IP address with the physical address to which that service is being provided.  If investigators know an Internet user's IP address, they can subpoena that user's ISP to provide the associated physical address.

Rather than shut the server down, the FBI sought to install software on the server that would circumvent this network, providing agents with information about any user who accessed certain content on PedoBook (the "Network Investigative Technique" or NIT).  This information included the user's IP address, the date and time the user accessed the content, and his or her computer's operating system.  The FBI obtained a warrant (the NIT warrant) to install the software in November 2012 and kept the website in operation for approximately three weeks, collecting information on several PedoBook users.  Based on this information, the FBI obtained Welch's IP address.  Sometime around December 11, 2012, the FBI received the subscriber information for that IP address from an ISP, revealing Welch's name and the address of his Florida residence.  The FBI obtained a warrant to search that

---

[1]The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska.

address on April 4, 2013, (the residential search warrant). On April 9 agents executed the residential search warrant and arrested Welch, and he was provided with notice of the NIT warrant shortly thereafter.

Before trial, Welch objected to the introduction of evidence obtained as a result of the NIT warrant. He argued the failure of agents to provide a copy of the warrant to him within the time allowed under Federal Rule of Criminal Procedure 41(f)(1)(C) violated his rights under the Fourth Amendment. Upon recommendation from a magistrate judge, the district court denied the motion. The district court held that the rule was not violated and, in the alternative, that any violation did not amount to a constitutional violation. During trial, counsel for Welch cross-examined the investigating agent who swore out the affidavit supporting the application for the residential search warrant. "Based on [the agent's] previous investigative experience related to child pornography investigations, and the training and experience of other law enforcement officers with whom [he had] had discussions," the affidavit enumerated the types of evidence officers would expect to find in the home of a typical consumer of child pornography. Counsel for Welch sought to question him about this list of expected evidence for the purpose of asking the agent whether that evidence was found in Welch's home. The government vigorously objected to the use of statements in the affidavit in questioning the agent on the basis of hearsay and relevance. The district court sustained the government's objection.

The jury returned a guilty verdict. Welch now appeals, arguing the district court should have suppressed evidence obtained from the NIT warrant and that it should have admitted the statements in the affidavit underlying the residential search warrant.[2]

---

[2]In his brief, Welch alludes to a third argument, that the evidence was insufficient to support his conviction. Although he references this argument in the Summary of the Argument and Standard of Review sections of his brief, he does not

## II.   DISCUSSION

### 1.   Rule 41(f) Notice of the NIT Warrant

Federal Rule of Criminal Procedure 41(f) requires that a copy of an executed search warrant be provided to the owner of the property seized, but by statute such provision may be delayed under certain circumstances for thirty days or to a later date certain and officers may seek extensions.[3]  The NIT warrant provided that because

address it in the Statement of the Issues or Argument sections.  At no point does he cite authority, cite to the record, or provide reasoning in support of this argument. Federal Rule of Appellate Procedure 28(a)(8) requires that briefs contain an "argument, which must contain:  (A) appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." We find, therefore, that Welch has waived this argument.  See also Chay-Velasquez v. Ashcroft, 367 F.3d 751, 756 (8th Cir. 2004) ("Since there was no meaningful argument on this claim in his opening brief, it is waived.").

[3]Rule 41(f)(1)(C) states:

> The officer executing the warrant must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken or leave a copy of the warrant and receipt at the place where the officer took the property.

Rule 41(f)(3) allows a delay in providing the warrant if authorized by statute.  Title 18 U.S.C. § 3103a(b) provides that notice of a warrant may be delayed if:

> (1)   the court finds reasonable cause to believe that providing immediate notification of the execution of the warrant may have an adverse result . . . ;

> (2)   the warrant prohibits the seizure of any tangible property, any

-4-

immediate notification may have an adverse impact on the investigation, notice may be delayed by thirty days.

Welch argues the district court erred in admitting evidence obtained as a result of the NIT warrant because he was provided notice beyond the thirty-day time period and that such delay violated Rule 41, and thereby the Fourth Amendment. "When reviewing a district court's denial of a suppression motion, we review for clear error the district court's factual findings and review de novo whether the Fourth Amendment was violated." United States v. Bell, 480 F.3d 860, 863 (8th Cir. 2007). Importantly, a Rule 41 violation amounts to a violation of the Fourth Amendment warranting exclusion "only if a defendant is prejudiced or if reckless disregard of proper procedure is evident." United States v. Spencer, 439 F.3d 905, 913 (8th Cir. 2006).

> wire or electronic communication . . . , or . . . any stored wire or electronic information, except where the court finds reasonable necessity for the seizure; and
>
> (3)     the warrant provides for the giving of such notice within a reasonable period not to exceed 30 days after the date of its execution, or on a later date certain if the facts of the case justify a longer period of delay.

"Adverse result" in § 3103a(b)(1) is defined under 18 U.S.C. § 2705(a)(2), *inter alia*, as "flight from prosecution," "destruction of or tampering with evidence," or "otherwise seriously jeopardizing an investigation." Section 3103a(c) further provides that such delay

> may be extended by the court for good cause shown, subject to the condition that extensions should only be granted upon an updated showing of the need for further delay and that each additional delay should be limited to periods of 90 days or less, unless the facts of the case justify a longer period of delay.

-5-

The district court found that the warrant intended the thirty-day notice period to begin running when the FBI identified an individual "behind the keyboard." This occurred in April 2013 when officers executed the residential search warrant on Welch's home. Before that time, the FBI possessed a residential address but could not identify which individual at that residence had accessed the website. The district court concluded that sending a copy of the warrant to the identified address before identifying an individual would seriously jeopardize the investigation. By this calculation, Welch was given notice two days after the FBI identified him, well within the thirty-day period. Alternatively, the district court found no showing of prejudice or reckless disregard of procedure.

Welch argues that the thirty-day period began to run from the date the government received the subscriber information for Welch's IP address from his ISP in December 2012. Welch points to testimony by investigating agents that the NIT warrant was used to obtain a user's IP address. Thus, argues Welch, the subject of the warrant was the subscriber assigned that IP address, and so the subject was "identified" in December, not the following April. Because Welch did not receive notice of the NIT warrant until April 2013, he argues the delay was 122 days, well past the 30 days provided for in the warrant. Furthermore, Welch argues this 122-day delay showed reckless disregard of proper procedure. The government reasserts the district court's findings and conclusions. It also argues that Rule 41(f)(1)(C) is simply inapplicable to the NIT warrant because it merely collected information and did not seize property interfering with a possessory interest of Welch's. The government argues that Welch had no reasonable expectation of privacy in his subscriber information.

We assume, without deciding, that Rule 41 applies to the NIT warrant.[4] The statute authorizing the magistrate judge to delay notice is perfectly clear–the thirty-day extension runs from the *execution* of the warrant. 18 U.S.C. § 3103a(b)(3). This occurred on November 19, 2012, meaning notice was to be provided within thirty days of that date. Moreover, the "notice" provided by the government was insufficient. The government points to a hearing Welch attended in which an agent testified about the NIT and to the entry of the residential search warrant into evidence as notice "provided during the discovery process." But under Rule 41 Welch should have been given a copy of the NIT warrant. Of course it is plainly true that if agents were required to send a copy of the warrant to the subscriber address they obtained before they could search the premises and identify the individual user, Welch would have had ample time to flee prosecution, destroy or tamper with evidence, and otherwise seriously jeopardize the investigation. But these special considerations would have allowed for the magistrate judge to either specify a later date certain, which he did not do, or for the government to return for extensions of time under § 3103a(c), which it did not do. Therefore, the notice given Welch failed to comport with Rule 41.

---

[4]Rule 41(f)(1)(C) requires that a copy of the warrant and a receipt of the property taken be left with the "person from whom, or from whose premises, the property was taken." Rule 41 defines property to "include[] documents, books, papers, any other tangible objects, and *information*." Fed. R. Crim. P. 41(a)(2)(A) (emphasis added). Whether Welch's IP address (which is generated by a third party and assigned by the ISP), the time and date he accessed PedoBook content, and his computer's operating system are the kind of "information" considered to be property under Rule 41 is an open question. Because we affirm the district court, we need not address that argument here. (Whether, as the government asserts, Welch did not have a reasonable expectation of privacy in that information is a question that governs the applicability of the Fourth Amendment, not Rule 41.)

As we have explained, however, a procedural violation is not per se an unreasonable search and seizure in violation of the Fourth Amendment. See United States v. Freeman, 897 F.2d 346, 348-49 (8th Cir. 1990). Welch must show, in addition to the Rule 41 violation, either that he was prejudiced by the violation or that the investigators recklessly disregarded proper procedure. Id. Welch argues the delay was a reckless disregard of proper procedure because it extended so far beyond the thirty-day period. We disagree.

The application for the search warrant requested authorization to postpone notice "until 30 days after any individual accessing [PedoBook] has been identified to a sufficient degree as to provide notice." The NIT warrant indicated a thirty-day delay had been granted, but it did not specify whether that period ran from execution of the warrant or from identification of an individual. Because the warrant application specifically requested the latter, it appears the officers' delay was a good-faith application of the warrant rather than a deliberate violation of Rule 41. This conclusion is corroborated by the agent that swore out the affidavit and applied for the NIT warrant, who testified that the "delayed notice period was to begin when the government identified the true name user of an individual that accessed one of these three websites." Believing the warrant ran from the point at which they identified Welch as the individual at that address accessing PedoBook, officers promptly provided him with notice. That agents did not provide Welch an actual copy of the NIT warrant again appears to be an error made in good faith and not a deliberate procedural violation. The district court's finding that any Rule 41 violation was not due to reckless disregard of proper procedure was not clearly erroneous.

Furthermore, there is no evidence of prejudice to Welch. "To determine prejudice, we ask whether the search would have occurred had the rule been followed. If so, there is no prejudice to the defendant." United States v. Hyten, 5 F.3d 1154, 1157 (8th Cir. 1993). Nothing in the record indicates that had the officers followed

-8-

Rule 41 they would not have been able to search Welch's residence and obtain the evidence they did. The nature of the investigation indicates they could have easily obtained extensions had they sought them. The indictment charged eight different PedoBook users and premature notice to one user risked adverse effects on the other pending investigations. Therefore, the district court's findings that any Rule 41 violation did not prejudice Welch was also not clearly erroneous. Accordingly, the delayed notice to Welch of the NIT warrant did not violate the Fourth Amendment and so did not warrant suppression of evidence obtained from it.

### 2. Cross-Examination of the Agent

Welch also argues that the district court violated his rights under the Confrontation Clause of the Sixth Amendment by sustaining the government's hearsay objection to his use of an affidavit during cross-examination of a witness. The Confrontation Clause prohibits admission of testimonial statements by an unavailable witness against a criminal defendant unless the defendant has had an opportunity to cross-examine the witness. Crawford v. Washington, 541 U.S. 36, 59 (2004). "We review evidentiary rulings for abuse of discretion. Even when an evidentiary ruling is improper, we will reverse a conviction on this basis only when the ruling affected substantial rights or had more than a slight influence on the verdict." United States v. Gustafson, 528 F.3d 587, 590-91 (8th Cir. 2008) (citation omitted). "We review de novo evidentiary rulings that 'implicate constitutional rights.'" United States v. Campbell, 764 F.3d 880, 887 (8th Cir. 2014) (quoting United States v. Pumpkin Seed, 572 F.3d 552, 558 (8th Cir. 2009)), cert. denied, 135 S. Ct. 1514 (2015).

Welch first appears to argue that the affidavit was not hearsay under Federal Rule of Evidence 801(d)(1) as a declarant-witness's prior statement. He also argues that the affidavit was admitted into evidence and that he was denied an opportunity

to confront the agent about it, in violation of the Confrontation Clause. The government responds that the affidavit was hearsay, the agent was subject to extensive cross-examination, and the affidavit was not received in evidence.

The affidavit contained out-of-court statements made by the agent, and Welch sought to offer them for the truth of the matters asserted–that the agent expected to find particular types of evidence in Welch's home. Rule 801(d)(1) is inapplicable because the agent had not given any testimony–consistent or inconsistent with the affidavit–about what he expected to find. We acknowledge an argument could be made (but was not in this case) that the affidavit is admissible under Rule 801(d)(2) as the statement of a party opponent or under Rule 803(8)'s public-records exception. See United States v. Ramirez, 894 F.2d 565, 570 (2d Cir. 1990). We need not address these arguments, however, as we find that any purportedly improper exclusion did not prejudice the outcome of the trial. The record reveals abundant evidence of Welch's guilt, and we find the presence or absence of expected evidence in Welch's home would not have had more than a slight influence on the verdict. Moreover, counsel for Welch did not need to rely on the statements in the affidavit to develop his theory that Welch's residence did not contain the type of evidence expected to be found in the home of a consumer of child pornography. He was free to directly question the agent on the agent's expectations or to introduce an expert on the subject during his case in chief. Second, although the affidavit was received into evidence in a motion-to-suppress hearing before the magistrate judge, it was not offered into evidence at trial and at no point was the agent questioned about its contents on direct examination. Furthermore, the agent was thoroughly cross-examined. Accordingly, there was no violation of the Confrontation Clause.

## III.  CONCLUSION

For the reasons stated herein, we affirm the district court in all respects.

_____