**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Gary F. TAGBERING, also known as Richard W. Gaines, Defendant–Appellant.**

**No. 92–1926.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 18, 1992.

Decided Feb. 1, 1993.

Christopher Harlan, Kansas City, MO, argued, for appellant.

Christina Y. Tabor, Kansas City, MO, argued, for appellee.

Before McMILLIAN, WOLLMAN, and LOKEN, Circuit Judges.

LOKEN, Circuit Judge.

After entering a conditional plea of guilty to narcotics and firearms charges, Gary F. Tagbering appeals the district court's [1] denial of his motion to suppress evidence seized after police arranged for a controlled delivery of narcotics and obtained an "anticipatory" warrant to search his apartment for the narcotics and for drug trafficking records and paraphernalia. We affirm.

### I.

On August 8, 1991, a package mailed from Montego Bay, Jamaica, to "Kim Smart c/o Gary Tagbering, 10557 Cypress, Apt. D, Kansas City, Missouri" was routinely inspected by the U.S. Customs Service in Miami. The package contained 900 grams of hashish oil and 142 grams of marijuana stuffed inside a toy. The Customs Service notified the Kansas City police and mailed the package in a locked mail pouch to the Postal Inspection Division of the Kansas City Post Office. Postal inspectors met with Kansas City police, replaced most (but not all) of the narcotics with look-alike substances, and resealed the package in preparation for a controlled delivery.

After determining by surveillance that 10557 Cypress appeared to be an occupied apartment complex, Kansas City police detective Charles Scudder prepared a form of search warrant and an accompanying affidavit, had these documents reviewed and signed by a county prosecutor, and presented them to Jackson County Associate Circuit Judge Robert Ianonne. Scudder's three-page affidavit reported his surveillance of the Cypress address and described in detail the package and its contents, the chemical testing of the narcotics, and the postal inspectors' preparations for a controlled delivery. The affidavit concluded:

Detective Scudder anticipates that the controlled delivery of the package to 10557 Cypress, Apt. D, will occur on 8–16–91. If delivery does not occur on 8–16–91 a second delivery attempt will be made to deliver the package on 8–17–91. Surveillance of the address at 10557 Cypress, Apt. D, will be conducted by members of the Kansas City, Missouri Police Department to observe the delivery and acceptance of the package.

Detective Scudder knows from experience that drug traffickers frequently maintain at the same location scales, additives and packaging items for narcotics. Dealers in narcotics also frequently maintain notebooks and informal ledgers pertaining to the sale of narcotics.

Detective Scudder further states that the warrant sought herein ... "will not" be executed unless the delivery occurs and the package is accepted.

Judge Ianonne issued the search warrant on August 14. The warrant recited "that there is PROBABLE CAUSE to believe that [the package] will be delivered through a controlled delivery." It authorized the search of 10557 Cypress, Apt. D, for the package and for "any records reflecting drug trafficking and/or any drug paraphernalia."

Early in the afternoon of August 16, a mail carrier brought the package to 10557 Cypress. Tagbering came out of the building, accepted the package, and walked back inside. Police Sgt. James Barbee, parked

---

**1.** The HONORABLE FERNANDO J. GAITAN, United States District Judge for the Western District of Missouri.

fifty yards north of the building, radioed word of the completed delivery to officers waiting in a van several blocks away. The van arrived on the scene within five minutes.

The first officer to arrive announced himself as a police officer with a search warrant, opened the unlocked door, and arrested Tagbering, who was standing inside Apartment D with his arms held above his head. Other officers from the "entry team" entered, found the unopened package on a kitchen counter, and secured the apartment by sweeping through it briefly to eliminate any threats to their safety. When the apartment was secure, officers from the "search team" entered to execute the search warrant. They seized a loaded .16 gauge shotgun, a loaded .38 pistol, Jamaican currency, numerous items of drug paraphernalia, and a telephone calling card and a driver's license issued to "Richard Gaines," the name above a fictitious return address on the package.

Tagbering was indicted for violations of 21 U.S.C. §§ 841(b)(1)(D), 846, and 18 U.S.C. §§ 922(g)(1), 924(a)(2), 924(c). He moved to suppress the evidence recovered from his apartment. After a two-day evidentiary hearing, the magistrate judge[2] recommended that the motion be denied, concluding that the warrant to search for and seize the package was based upon probable cause, that probable cause was lacking for the remainder of the warrant, but that the additional items seized should not be suppressed "based upon the good faith exception provided for in *United States v. Leon*, 468 U.S. 897, 104 S.Ct.

3405, 82 L.Ed.2d 677 (1984)." The district court adopted these findings and conclusions and denied the motion to suppress. Tagbering then entered his conditional plea of guilty to two counts of the indictment, was sentenced to 120 months in prison, and appealed.

## II.

The Fourth Amendment provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation." To find probable cause to issue a warrant, the issuing magistrate must determine that, "in light of all the circumstances set forth in the affidavit, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Martin*, 866 F.2d 972, 976 (8th Cir.1989). In determining for suppression purposes the validity of the state court warrant to search Tagbering's apartment,[3] the issue for the district court was whether Judge Ianonne had a "substantial basis" for his probable cause determination. *Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983). Our review of that determination must be equally deferential. *See United States v. Hibbard*, 963 F.2d 1100 (8th Cir. 1992); *United States v. Anderson*, 933 F.2d 612, 614 (8th Cir.1991).

On appeal, Tagbering notes that this court has not had occasion to consider the validity of an "anticipatory" warrant— one that is issued before the item to be seized has arrived at the place to be searched.[4] However, at least six other circuits have upheld such warrants.[5] As the

---

2. The HONORABLE ROBERT E. LARSEN, United States Magistrate Judge for the Western District of Missouri.

3. Both the parties and the district court have assumed that federal law, and particularly Rule 41(a)(1) of the Federal Rules of Criminal Procedure, applies in this case. Since a 1990 amendment to that Rule "permits anticipatory warrants," Advisory Committee Notes to the 1990 Amendment, this choice of law question does not affect the outcome of the appeal, and we do not consider it. *See United States v. Moore*, 956 F.2d 843, 847 & n. 3 (8th Cir.1992).

4. In *United States v. Livesay*, 983 F.2d 135 (8th Cir.1993), we recently upheld a search pursuant

to an anticipatory warrant under *Leon* without reaching the issue of the warrant's validity.

5. *See, e.g., Rivera v. United States*, 928 F.2d 592, 603 (2d Cir.1991); *United States v. Dornhofer*, 859 F.2d 1195, 1198 (4th Cir.1988), *cert. denied*, 490 U.S. 1005, 109 S.Ct. 1639, 104 L.Ed.2d 155 (1989); *United States v. Wylie*, 919 F.2d 969, 974–75 (5th Cir.1990); *United States v. Lowe*, 575 F.2d 1193, 1194 (6th Cir.), *cert. denied*, 439 U.S. 869, 99 S.Ct. 198, 58 L.Ed.2d 180 (1978); *United States v. Odland*, 502 F.2d 148, 152 (7th Cir.), *cert. denied*, 419 U.S. 1088, 95 S.Ct. 679, 42 L.Ed.2d 680 (1974); *United States v. Hale*, 784 F.2d 1465, 1468–69 (9th Cir.), *cert. denied*, 479 U.S. 829, 107 S.Ct. 110, 93 L.Ed.2d 59 (1986).

Second Circuit explained in *United States v. Garcia*, 882 F.2d 699, 702 (2d Cir.), *cert. denied*, 493 U.S. 943, 110 S.Ct. 348, 107 L.Ed.2d 336 (1989), "the fact that the contraband is not presently located at the place described in the warrant is immaterial, so long as there is probable cause to believe that it will be there when the search warrant is executed." Here, the affidavit recited that the package contained contraband (confirmed by chemical testing) and represented that the warrant would not be executed until the package was delivered and accepted. We agree with the district court that this gave Judge Ianonne a substantial basis to find probable cause and issue a search warrant for the package. Indeed, there was far more than a "fair probability" that contraband would be found if the warrant was properly executed. *See United States v. Outland*, 476 F.2d 581, 583 (6th Cir.1973).

■ Rather than mount a frontal attack on anticipatory warrants in general,[6] Tagbering argues that the specific affidavit and warrant in this case were fatally flawed in three respects. First, he contends that the affidavit was insufficient because it did not state that the Cypress address was occupied, that the package would be placed in the mail for delivery, and that the addressee would be there to receive the package when delivered. However, this is far too cramped a reading of Detective Scudder's affidavit. The affidavit recited that 10557 Cypress "appeared to be occupied" and that the warrant " 'will not' be executed unless the delivery occurs and the package is accepted." Courts "should not invalidate the warrant by interpreting the affidavit in a hypertechnical, rather than commonsense, manner." *United States v. Ventresca*, 380 U.S. 102, 109, 85 S.Ct. 741, 746, 13 L.Ed.2d 684 (1965).

■ Second, relying upon dictum in *Garcia*, 882 F.2d at 703–04, Tagbering argues that the warrant was invalid because it did not expressly condition the search upon the controlled delivery nor state that the warrant would be void if delivery did not occur. We disagree. In the first place, we conclude that the search warrant, fairly construed, did contain this condition. Detective Scudder's affidavit stated that the warrant "will not" be executed until delivery of the package. The affidavit was submitted to and signed by Judge Ianonne as part of the warrant,[7] and it was attached to the copies of the warrant the officers brought with them when they conducted the search. (Apparently, Tagbering did not ask to see the warrant before the officers entered his apartment.) "An affidavit may provide the necessary particularity for a warrant if it is either incorporated into or attached to the warrant.... [or] is merely present at the search." *Rickert v. Sweeney*, 813 F.2d 907, 909 (8th Cir.1987) (citations omitted).

Moreover, even if Scudder's affidavit was not incorporated into the warrant, it contained a representation to the issuing judge that the warrant would not be executed until the package was delivered and accepted. In such circumstances, we do not believe the Constitution requires that this limitation be written into the warrant itself. If the warrant is executed before the controlled delivery occurs, then suppression may well be warranted for that reason. *See United States v. Rey*, 923 F.2d 1217, 1221 (6th Cir.1991). Here, of course, it is undisputed that the warrant was properly executed after the package was delivered to and accepted by Tagbering.

■ Third, relying upon the district court's conclusion that the records and par-

---

**6.** Tagbering does argue that anticipatory warrants should issue only when "exigent circumstances" are present. This contention is without merit. Exigent circumstances provide a basis for conducting *warrantless* searches. If exigent circumstances exist, there is, by definition, no need for a search warrant. *Cf. United States v. Panitz*, 907 F.2d 1267, 1270 & n. 3 (1st Cir.1990) (rejecting defendants' argument that a warrantless search made under exigent circumstances

was invalid because agents "should at the very least have secured 'anticipatory' search warrants").

**7.** Judge Ianonne signed only the last page of the affidavit, below Detective Scudder's signature. This strongly suggests that the affidavit was part of the warrant under Missouri law. *See* Mo. Rev.Stat. § 542.276.6(7).

aphernalia portion of the warrant was invalid,[8] Tagbering argues that the district court erred in refusing to suppress the firearms because Judge Ianonne's five-minute perusal of Detective Scudder's affidavit was no more than a rubber stamp approval, and because this part of the warrant was so utterly lacking in probable cause that the executing officers could not in good faith rely upon it.

When officers have relied upon a subsequently invalidated search warrant, *Leon* permits admission of the seized evidence unless "the magistrate abandoned his detached and neutral role" in issuing the warrant, or "the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause." 468 U.S. at 926, 104 S.Ct. at 3422. Here, Detective Scudder disclosed significant material information in his affidavit and withheld none. A county prosecutor reviewed and signed the affidavit before it was presented to Judge Ianonne. The magistrate judge expressly found that "there is no allegation or reason to believe that the affiant misled the issuing judge, that the issuing judge abandoned his neutral and detached position, or that the warrant itself was so facially deficient that the executing officers could not presume its validity." In these circumstances, the executing officers reasonably relied upon the records and paraphernalia portion of the warrant in conducting their search. "[O]rdinarily, a police officer cannot be expected to question a judge's probable cause determination." *United States v. Gibson*, 928 F.2d 250, 253–54 (8th Cir.1991); *see also Gates*, 462 U.S. at 267, 103 S.Ct. at 2347 (White, J., concurring) ("Searches pursuant to a warrant will rarely require any deep inquiry into reasonableness").

 It is undisputed that the two firearms were found in Tagbering's bedroom while the officers were executing the records and paraphernalia portion of the search warrant. Police may validly seize incriminating evidence found while executing a warrant to search for other items. *See Horton v. California*, 496 U.S. 128, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990). Therefore, Tagbering's motion to suppress the firearms was properly denied under *Leon*. *See United States v. Haley*, 758 F.2d 1294, 1297 & n. 3 (8th Cir.), *cert. denied*, 474 U.S. 854, 106 S.Ct. 158, 88 L.Ed.2d 131 (1985).

The judgment of the district court is affirmed.

---

8. On appeal, the government has not challenged the district court's decision that this portion of the search warrant was invalid, and we do not consider the question. We note that warrants to search for drug paraphernalia and records based upon controlled deliveries of drugs have been upheld in numerous cases. *See Rey*, 923 F.2d at 1220–21 and cases cited. In general, we see no reason why a search warrant based upon a controlled delivery must be more limited in scope than a warrant based upon other kinds of probable cause unless, of course, the magistrate has reason to believe that the controlled delivery is a mere pretext for a broader, unjustifiable search.