UNITED STATES of America, Appellee,

v.

**Susan D. BIERI, Appellant.**

UNITED STATES of America, Appellee,

v.

**Leonard BIERI, III, Appellant.**

**Nos. 93–1870, 93–1872.**

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 8, 1993.

Decided April 13, 1994.

Rehearing and Suggestion for Rehearing En Banc Denied May 26, 1994.

Jacqueline A. Cook, Kansas City, MO, argued (James R. Wyrsch, on the brief), for appellant.

Richard E. Monroe, Springfield, MO, argued, for appellee.

Before HANSEN, Circuit Judge, JOHN R. GIBSON *, Senior Circuit Judge, and JACKSON, District Judge **.

JOHN R. GIBSON, Senior Circuit Judge.

Susan and Leonard Bieri appeal their convictions for conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C. § 846 (1988) and possession with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (1988). The Bieris argue on appeal that the district court [1] erred in: (1) denying their motions to suppress evidence seized pursuant to an anticipatory search warrant for the Bieris' farm; (2) calculating the total weight of marijuana for purposes of determining the base offense level and applying the sentencing guidelines; and (3) denying their motions for downward departures from the applicable guidelines. We affirm the Bieris' convictions and the sentences imposed.

---

* The HONORABLE JOHN R. GIBSON was Circuit Judge of the United States Court of Appeals for the Eighth Circuit at the time this case was submitted, and took senior status on January 1, 1994, before the opinion was filed.

** The HONORABLE CAROL E. JACKSON, United States District Judge for the Eastern District of Missouri, sitting by designation.

1. The Honorable Russell G. Clark, Senior Judge, United States District Court for the Western District of Missouri.

On January 14, 1992, George Ruiz, who had previously delivered marijuana from Arizona to the Bieris' farm in rural Missouri, was stopped by an Oklahoma trooper. Ruiz consented to a search of the car he was driving. When the officer found forty-five pounds of marijuana in the car, Ruiz agreed to assist the authorities by showing them where he was supposed to deliver the drugs and to tape-record the delivery. On January 15, 1992, Judge Chowning of Taney County, Missouri, issued an anticipatory search warrant after reviewing the deputy sheriff's affidavit, oral statements, and an aerial photograph of the Bieris' property. The judge directed the officers to execute the warrant only if Ruiz made the delivery and the facts developed as the officers expected. When Ruiz delivered approximately forty-five pounds of marijuana to the Bieris' house on their farm that evening, Susan Bieri paid him $300 as she had for previous deliveries. Shortly after Ruiz left, the officers arrived and the deputy sheriff asked Susan Bieri if he could search the premises. When she refused, the deputy sheriff presented the search warrant, advised her of her *Miranda* [2] rights, and proceeded with the search. The officer found marijuana (including the forty-five pounds Ruiz just delivered), cash, papers, a loaded gun, a large scale, wrapping papers, and other drug paraphernalia during the search of the house and outbuildings. The Bieris' two children, ages four and seven, were placed into protective custody by juvenile services at the time of the execution of the search warrant.

A grand jury indicted Leonard and Susan Bieri for conspiracy to possess with intent to distribute marijuana, possession with intent to distribute marijuana, use of a firearm in relation to drug trafficking, and ordered a forfeiture of certain real estate. Following a bench trial, the court convicted the Bieris of conspiracy to possess with intent to distribute and possession with intent to distribute marijuana, acquitted them of the firearm charges, and ordered a forfeiture of the tract of their farm that contained the house and outbuildings. The court sentenced Susan Bi-

eri to 51 months in prison and Leonard Bieri to 57 months. This appeal followed.

## I.

The Bieris first argue that the district court erred in denying their motions to suppress evidence seized from their farm. They contend the anticipatory search warrant was invalid for several reasons: (1) no exigent circumstances or probable cause existed; (2) the warrant did not comply with state law; (3) the search warrant was overbroad in the description of the place to be searched; (4) it did not comply with Federal Rule of Criminal Procedure 41; and (5) it was not executed in good faith. After a suppression hearing, the district court denied their motions.

We review the district court's denial of a motion to suppress evidence under a clearly erroneous standard. *United States v. Hyten*, 5 F.3d 1154, 1156 (8th Cir.1993). We affirm the district court's decision unless it is unsupported by substantial evidence, based on an erroneous interpretation of the law, or, based on the entire record, it is clear that a mistake was made. *Id.*

 The Bieris first argue the anticipatory search warrant was invalid because no exigent circumstances existed and the warrant did not sufficiently limit the officer's discretion if the events did not develop as anticipated. Anticipatory search warrants may be issued even absent exigent circumstances. *United States v. Tagbering*, 985 F.2d 946, 950 n. 6 (8th Cir.1993). An anticipatory search warrant should be upheld if independent evidence shows the delivery of contraband will or is likely to occur and the warrant is conditioned on that delivery. *See id.* at 949 (citing *United States v. Garcia*, 882 F.2d 699, 702 (2d Cir.), *cert. denied*, 493 U.S. 943, 110 S.Ct. 348, 107 L.Ed.2d 336 (1989)). Statements of a reliable informant can provide sufficient basis for issuing a warrant. *United States v. Pressley*, 978 F.2d 1026, 1027 (8th Cir.1992). The record shows that the issuing judge found probable cause based on the officer's affidavit stating that Ruiz was planning to deliver marijuana to the Bieris' farm. The judge studied the affidavit and

**2.** *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

the aerial photograph before issuing the warrant. Thus, the district court did not err in denying the motions to suppress evidence. *See United States v. Koelling*, 992 F.2d 817, 823 (8th Cir.1993).

The Bieris also argue the anticipatory search warrant was invalid because the officers did not show probable cause to the issuing judge. We review the district court's determination of probable cause under a clearly erroneous standard, and give considerable deference to the issuing judge's determination of probable cause. *Illinois v. Gates*, 462 U.S. 213, 236, 103 S.Ct. 2317, 2331, 76 L.Ed.2d 527 (1983). Probable cause exists when there are sufficient facts to justify the belief by a prudent person that contraband or evidence of a crime will be found in the place to be searched. *United States v. Reivich*, 793 F.2d 957, 959 (8th Cir.1986). The district court found probable cause existed because the officers had apprehended Ruiz with approximately forty-five pounds of marijuana, and he told them he was delivering it to the Bieris' farm. We take a "totality of circumstances" approach in determining whether probable cause existed, *see Gates*, 462 U.S. at 230, 103 S.Ct. at 2328, and conclude that the facts set forth in the affidavit regarding Ruiz's delivery were sufficient to establish that contraband would probably be found on the farm.[3]

The Bieris next argue that the search warrant was invalid because it was overbroad as to the areas to be searched and the location of the premises. The Fourth Amendment requires that a search warrant describe with particularity the items to be seized. *Andresen v. Maryland*, 427 U.S. 463, 480, 96 S.Ct. 2737, 2748, 49 L.Ed.2d 627 (1976); *Rickert v. Sweeney*, 813 F.2d 907, 909 (8th Cir. 1987). The warrant must also enable the searcher to locate and identify the premises

with reasonable effort. *United States v. Ellison*, 793 F.2d 942, 947 (8th Cir.), *cert. denied*, 479 U.S. 937, 107 S.Ct. 415, 93 L.Ed.2d 366 (1986). "The requisite specificity of a description differs for rural and urban areas and depends heavily on the facts of each case." *United States v. Dorrough*, 927 F.2d 498, 500 (10th Cir.1991). We examine applications and affidavits for issuing a search warrant using a "common sense approach and not in a hypertechnical fashion." *Williams*, 10 F.3d at 593.

The search warrant listed the items to be seized as "MARIHUANA (sic) to include those items used for weighing, packageing (sic) and distribution thereof." It described the place to be searched as the "Residence and other buildings and vehicles belonging to Leonard & Susan BIERI, located on the property known as N ½ of Sec. 24, township 24N, range 17 West of Taney County Missouri." At the suppression hearing, Leonard Bieri testified that his farm buildings are the only structures on the described tract of property, and that the only road through the property ends at their farm buildings. An aerial photo map accompanied the search warrant, showing that the Bieri property is in an extremely remote area. The district court concluded the warrant described the location with sufficient clarity to allow the officers to locate the premises. We believe the district court did not err in that conclusion.

The Bieris' argument that the warrant was overbroad because it failed to describe which buildings the officers could search is without merit. Because the judge did not know which building contained the contraband, he made a reasonable decision to allow the officers to search the home and outbuildings. *See Gates*, 462 U.S. at 236, 103

---

**3.** We reject the Bieris' contention that we should find the warrant invalid because Deputy Ringler's affidavit was not incorporated by reference into the search warrant and therefore the warrant was vague. *See United States v. Williams*, 10 F.3d 590, 593 (8th Cir.1993). We find it immaterial whether the application for the warrant contained specific words of incorporation, because the application itself contains an adequate legal description describing the farm and a reference to an accompanying aerial photograph.

*See Tagbering*, 985 F.2d at 950; *cf. United States v. Curry*, 911 F.2d 72, 77 (8th Cir.1990) (finding insufficient particularity where no words of reference incorporating the affidavit were listed and the space for a description of the premises was left blank), *cert. denied*, 498 U.S. 1094, 111 S.Ct. 980, 112 L.Ed.2d 1065 (1991). Furthermore, Judge Chowning's testimony at the suppression hearing shows he considered the application, the affidavits and the photo when determining if probable cause existed.

S.Ct. at 2331 (substantial deference owed to issuing judge's decision). The judge allowed the warrant for the buildings and vehicles on the farm because he reasonably expected the officers would find drugs and paraphernalia in both the house and farm buildings. There is "no reason why a search warrant based upon a controlled delivery must be more limited than other warrants." *Tagbering,* 985 F.2d at 951 n. 8 (observing that warrants to search for drug paraphernalia and records based upon controlled deliveries have been upheld in many cases). We believe the district court did not err in concluding the search warrant was not overbroad.

■ Next, the Bieris contend the court should have suppressed the evidence because the search warrant violated state law. In a federal prosecution, we evaluate a challenge to a search conducted by state authorities under federal Fourth Amendment standards. *United States v. Johnson,* 12 F.3d 827, 835 (8th Cir.1994). We uphold a district court's ruling regarding the validity of a search by state officers unless it is clearly erroneous. *United States v. Eng,* 753 F.2d 683, 686 (8th Cir.1985). A court must examine the legality of a search by state officers as if made by federal officers. *Id.* We recently concluded in *United States v. Moore,* 956 F.2d 843, 847 (8th Cir.1992), that "evidence seized by state officers in conformity with the Fourth Amendment will not be suppressed in a federal prosecution because *state* law was violated." *Id.* (emphasis in original). Here, the district court did not decide whether the search warrant violated state law, but the court concluded the warrant was constitutionally valid. Thus, we need not decide whether the warrant violated Missouri law since we conclude the district court did not err in finding the search warrant was constitutionally valid.

■ The Bieris' assertion that the search warrant was invalid because it did not comply with Federal Rule of Criminal Procedure 41 is also unavailing. Rule 41, which requires specific authorization from a court for nighttime service of warrants, does not apply in this case. Yet, even if Rule 41 was relevant in determining the admissibility of evidence seized pursuant to a warrant issued under state law, *see United States v. Freeman,* 897 F.2d 346, 348–49 (8th Cir.1990), it provides the Bieris no relief. We apply the exclusionary rule to violations of Rule 41 only if a defendant is prejudiced or reckless disregard of proper procedure is evident. *Id.* at 349. Here, the warrant was not unconstitutional and the Bieris suffered no prejudice because authorization for a night search does not need to be listed on the warrant. *See United States v. Thomas,* 489 F.2d 664 (5th Cir.1973), *cert. denied,* 423 U.S. 844, 96 S.Ct. 79, 46 L.Ed.2d 64 (1975). In addition, because no evidence exists that the officers acted in bad faith, it follows that there was no reckless disregard of proper procedure by the state officers. *See Hyten,* 5 F.3d at 1157.

Finally, the Bieris argue the district court erred in relying on the good-faith exception of *United States v. Leon,* 468 U.S. 897, 921, 104 S.Ct. 3405, 3419, 82 L.Ed.2d 677 (1984). *Leon* instructs that even if a warrant is invalid when an officer relies in good faith on it, the district court should not suppress the evidence. *Id.* at 921, 104 S.Ct. at 3419. The Bieris contend that Judge Chowning abandoned his neutral and detached role when issuing the warrant and therefore Deputy Ringler could not objectively and reasonably rely on the warrant. The Bieris did not present the issue of Judge Chowning's neutrality to the district court and, therefore, we conclude their argument is not properly before this court absent plain error. *United States v. Olano,* — U.S. —, —, 113 S.Ct. 1770, 1777, 123 L.Ed.2d 508 (1993); *United States v. Montanye,* 996 F.2d 190, 192 (8th Cir.1993). Since we conclude the warrant is lawful, we need not consider the *Leon* exception. Were we to consider the issue, our examination of the record would reveal no bad faith or impartiality by Judge Chowning. We believe Deputy Ringler could easily have assumed the warrant, issued by a judge with many years of experience, was lawful.

For these reasons we find no error in the district court's denial of the Bieris' motions to suppress.

## II.

The Bieris' next argument involves the district court's calculation of the weight of

marijuana for the purpose of determining the base offense level. They contend the district court erred in calculating the weight and, therefore, misapplied the sentencing guidelines in violation of their constitutional rights to due process. The district court calculated the base offense level by adding the quantity of all Ruiz's prior deliveries to the Bieris (approximately forty-six pounds) and the marijuana seized from their premises on January 15, 1992, pursuant to the search warrant. The Bieris argue the base offense level should have been based solely on the amount seized on January 15, 1992. We affirm the district court's calculation.

■ We subject a district court's determination of drug quantity to the clearly erroneous standard. *United States v. Ruvalcaba*, 9 F.3d 41, 42 (8th Cir.1993). In considering the base offense level, the district court must consider "all acts and omissions ... that were part of the same course of conduct or common scheme or plan as the offense of conviction." United States Sentencing Commission, *Guidelines Manual*, § 1B1.3(a)(2) (Nov. 1993). In drug conspiracies, the district court may consider amounts from other drug transactions, provided the other dealings are part of the same course of conduct or scheme. *United States v. Abanatha*, 999 F.2d 1246, 1251 (8th Cir.1993).

■ The district court heard testimony from Ruiz regarding the quantities of marijuana he delivered to the Bieris from 1990 to January 1992. His story was corroborated by his tape-recorded conversation with Susan Bieri, who paid him $300 for the January 1992 delivery, as she had on prior deliveries. We cannot conclude the court clearly erred in believing Ruiz's testimony regarding deliveries of specific quantities of marijuana on prior occasions. *See United States v. Adipietro*, 983 F.2d 1468, 1472 (8th Cir.1993) (findings regarding credibility of witnesses are "virtually unreviewable on appeal"). The evidence of the paraphernalia such as scales and wrapping materials and the quantities recovered at their farm support a conclusion that the Bieris distributed the marijuana delivered by Ruiz in 1990, and that it was no longer part of the quantity found on the farm in 1992. Accordingly, upon review of the record, we conclude there was no error in the district court's calculation of the quantity of marijuana to determine the base offense level.

## III.

The Bieris next argue the district court erred in denying their motions for downward departures from the sentencing guidelines. They specifically contend the district court erroneously believed it had no authority to depart downward despite the existence of a rational basis for downward departure under the facts of this case. They ask us to remand to allow the district court to consider mitigating circumstances, most notably their family circumstances.

■ If we conclude that the district court's refusal to depart was an exercise of its discretion we cannot review the court's ruling. *See United States v. Evidente*, 894 F.2d 1000, 1004–05 (8th Cir.), *cert. denied*, 495 U.S. 922, 110 S.Ct. 1956, 109 L.Ed.2d 318 (1990); *United States v. Trupiano*, 11 F.3d 769, 776 (8th Cir.1993). However, if the district court concluded it had no authority to depart we may review the decision. *Evidente*, 894 F.2d at 1005. A district court must impose a sentence within the applicable guidelines unless mitigating circumstances exist that were not adequately taken into account when the Sentencing Commission drafted the sentencing guidelines. *See* 18 U.S.C. § 3553(b); U.S.S.G. § 5K2.0. For the following reasons, we conclude the district court did not err in refusing to depart downward.

■ The Bieris contend Judge Clark's statements from the bench during sentencing show he did not consider the facts that may have warranted departure. They specifically point us to Judge Clark's statements:

> If the sentence were left completely to my discretion in this case, in all probability I would put the defendant on probation. But I don't think under the guidelines that I have any authority. And I'm going to say, under the facts of this case that I don't have any authority to depart downward from the guidelines. Now if the

Eighth Circuit feels otherwise, they can advise me.

In this case, we believe these statements do not demonstrate a belief on Judge Clark's part that he was barred as a matter of law from departing from the sentencing guidelines. Rather, we interpret his statements, specifically the words "under the facts of this case," as an acknowledgment that a downward departure was not justified. *See United States v. Vidrickson,* 998 F.2d 601, 603 (8th Cir.1993) (per curiam). Indeed, in *United States v. Dutcher,* 8 F.3d 11, 12 (8th Cir.1993), a panel of this court held that the district court's decision to grant a downward departure based on the defendant's role in the offense was unreviewable because it was an exercise of the court's discretion. In sentencing the defendant, the district court stated: "I do not believe that *under the circumstances* that I should sentence below fifty percent of that called for under the guidelines." *Id.* at 12 (emphasis added). This statement is sufficiently similar to Judge Clark's statements when he sentenced the Bieris and supports our conclusion that we should not review Judge Clark's exercise of his discretion.

 Even accepting the Bieris' argument that the district court believed it had no authority to depart, the conclusion that the district court erred does not follow. Certainly, the situation where both parents are sentenced to prison presents a troublesome sentencing issue. The Bieris argue the needs of their two small children warrant a downward departure, contending their children will suffer while both parents are in prison. Extraordinary family circumstances outside the "heartland" of cases the guidelines were intended to cover may be the basis of a downward departure. *United States v. Harrison,* 970 F.2d 444, 447 (8th Cir.1992). Policy Statement 5H1.6 makes clear that family ties and responsibilities are not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range. This policy statement is specifically authorized by 28 U.S.C. § 994(d), which required the Commission to consider whether family ties and responsibilities have any relevance to the nature, extent, place of service or other incidence of an appropriate sentence, and to take them into account only to the extent that they are relevant. Here, the district court commented that many parents are sentenced to terms of imprisonment. *See United States v. Garlich,* 951 F.2d 161, 163 (8th Cir.1991) (family responsibilities are not generally relevant when a court is deciding whether to depart); *United States v. Tucker,* 986 F.2d 278, 280 (8th Cir.1993) (departures are "intended to be quite rare"), cert. denied, —— U.S. ——, 114 S.Ct. 76, 126 L.Ed.2d 44 (1993).

That both parents of two small children should be incarcerated presents a wrenching decision for a district court. Nevertheless, the guidelines do limit consideration of this factor. In *Harrison,* we concluded that incarceration of a single parent did not present extraordinary circumstances, and that the district court lacked authority to depart from the guideline range. 970 F.2d at 447. Many circuits have so held. *See United States v. Chestna,* 962 F.2d 103, 106–07 (1st Cir.) (per curiam), cert. denied, —— U.S. ——, 113 S.Ct. 334, 121 L.Ed.2d 251 (1992); *United States v. Mogel,* 956 F.2d 1555, 1565 (11th Cir.1992), cert. denied, —— U.S. ——, 113 S.Ct. 167, 121 L.Ed.2d 115 (1992); *United States v. Headley,* 923 F.2d 1079, 1082 (3d Cir.1991); *United States v. Johnson,* 908 F.2d 396, 399 (8th Cir.1990); *United States v. Brand,* 907 F.2d 31, 33 (4th Cir.), cert. denied, 498 U.S. 1014, 111 S.Ct. 585, 112 L.Ed.2d 590 (1990). Sentencing both parents is no different than sentencing a single parent, which many courts have held not to be extraordinary circumstances outside the "heartland" of cases covered by the guidelines. Whether both parents are incarcerated, or a single parent is imprisoned, the impact on the children, namely that they are deprived of their parent, is the same.

We conclude Judge Clark's decision not to depart from the guidelines was a determination based on the facts of this case and thus an exercise of discretion which we cannot review. However, we reach the same result from our independent examination of the record that the district court did not err as a matter of law in refusing to depart downward from the guidelines.

 Susan Bieri also argues she is entitled to a downward departure based on "aberrant behavior" because she has no prior

convictions relating to a controlled substance.[4] Her first-time offender status does not justify a downward departure. Although her lack of criminal record may be relevant in sentencing, *see* U.S.S.G. § 5H1.8, the guidelines have adequately accounted for the absence of a prior criminal record in the structure of the sentencing table. *See United States v. Neil*, 903 F.2d 564, 566 (8th Cir.1990); *United States v. Simpson*, 7 F.3d 813, 819 (8th Cir.1993) (departure from the guideline range or based solely on first-time offender status is improper). As the district court lacked authority to depart downward, we affirm the Bieris' sentences.

For the foregoing reasons, we affirm the Bieris' convictions.

4. Leonard Bieri does not argue for a downward departure based on aberrant behavior because he has a prior conviction relating to a controlled substance.