33 F.3d 57
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES OF AMERICA, Appellee,
v.
Isaac Jay COLEMAN, also known as Zachary I. Saunders, Appellant.
 No. 93-3200.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: August 9, 1994.
Filed: August 12, 1994.
 
 Before WOLLMAN, BEAM, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Isaac Jay Coleman, also known as Zachary Saunders, appeals the district court's[1] order denying, in part, his motion for return of property pursuant to Federal Rule of Criminal Procedure 41(e). We affirm.
 
 
 2
 In 1990, Coleman was convicted of misusing Social Security numbers. In February 1993, Coleman's federal probation officer informed the government that Coleman had violated his supervised release conditions by, among other things, passing bad checks. On February 19, 1993, authorities arrested Coleman. Investigator Roger Manthe obtained and executed a search warrant based on his affidavit attesting to information that Coleman had passed bad checks. The warrant authorized the seizure of books, documents, and records from Coleman's residence. During the search, authorities also seized a Polo sweater, three Polo shirts, two pairs of Polo jeans, and fourteen bottles of liquor. These items were not specifically authorized by the search warrant. Coleman filed a Rule 41(e) motion,[2] and the court held an evidentiary hearing.
 
 
 3
 At the hearing, Manthe testified that he participated in the 1990 prosecution of Coleman. Prior to searching Coleman's residence on February 19, 1993, Manthe knew that Coleman had passed several bad checks and used credit cards without owner authorization, particularly one belonging to Nancy Muirhead. During the search, Manthe discovered sales receipts in a kitchen drawer. Several of the receipts detailed purchases of Polo clothing from Neiman Marcus and alcoholic beverages from Surdyck's Liquors. The Surdyck's receipt detailed that the liquor had been purchased with a credit card issued to Nancy Muirhead. Manthe saw numerous bottles of liquor on a table in the dining room, several of which had pink Surdyck's labels. He later compared the receipt with the bottles seized and discovered that twelve of the fourteen seized bottles corresponded to the numbers on the receipt. The Neiman Marcus receipt indicated a sale of three Polo shirts, one pair of Polo pants, one dress shirt, and a Polo sweater to "Nick Saunders." Manthe stated that Coleman had used the alias "Saunders" in the past and that the credit card used for the purchase was issued to Shanabria Coleman at Union Labor Life Insurance Company. Manthe believed that the sweater he seized was the sweater listed on the Neiman Marcus receipt, but he was not certain that the three shirts were those listed on the receipt. While searching the apartment, he contacted a Neiman Marcus salesperson who remembered selling the clothes to "Nick Saunders" and gave a description fitting Coleman. Manthe stated that the salesperson identified the sweater as the one purchased from Neiman Marcus.
 
 
 4
 The district court found that the items were lawfully seized pursuant to the plain view exception, but that the government had only proved Coleman did not have lawful possession of the twelve Surdyck's liquor bottles and the Polo sweater; the court ordered that the remaining property be returned to him. Coleman timely appealed. He argues that there was no probable cause to support the search warrant, that the plain view doctrine did not justify seizure of the liquor and clothes, and that the government failed to meet its burden of proof as to the twelve bottles and the sweater.
 
 
 5
 We uphold a district court's probable-cause determination unless it is clearly erroneous, United States v. Bieri, 21 F.3d 811, 815 (8th Cir. 1994), and give considerable deference to the issuing judge's determination of probable cause. See Illinois v. Gates, 462 U.S. 213, 236 (1983). Probable cause exists when the "totality of circumstances" indicates "there are sufficient facts to justify the belief by a prudent person that contraband or evidence of a crime will be found in the place to be searched." Bieri, 21 F.3d at 815. Coleman contends that no probable cause existed for the search warrant based on purported violations of the bank fraud statute, 18 U.S.C. Sec. 1344, because the alleged victims were merely commercial enterprises, not banks. In his affidavit for the warrant, however, Investigator Manthe attested that he believed that Coleman was involved in defrauding a bank by passing bad checks, and the evidence is more than sufficient to support the finding of probable cause to issue the search warrant.
 
 
 6
 Regarding Coleman's "plain view" argument, we find the district court correctly concluded that the doctrine justified seizure of the items. See United States v. Evans, 966 F.2d 398, 400 (8th Cir.) (plain view doctrine permits seizure of item not specified on search warrant if police are lawfully in position to observe item and if its incriminating character is immediately apparent), cert. denied, 113 S. Ct. 502 (1992). Investigator Manthe was authorized to search Coleman's apartment, pursuant to a legal search warrant, and Manthe's knowledge and investigation of Coleman's use of the alias "Saunders" and misuse of credit cards, particularly Nancy Muirhead's, in conjunction with his discovery of the sales receipts, made the incriminating nature of the clothes and alcohol immediately apparent.
 
 
 7
 As to Coleman's final argument, the district court correctly placed the burden of proof on the government, see Government of Virgin Islands v. Edwards, 903 F.2d 267, 272-74 (3d Cir. 1990), and found that the government carried its burden of showing that Coleman did not have legal possession of the Polo sweater or twelve of the bottles of liquor. We agree. Investigator Manthe testified that he found credit card receipts at Coleman's apartment for the purchase of the twelve bottles and the sweater, and that the owners of the credit cards had not made the purchases or authorized Coleman to use the cards.
 
 
 8
 Coleman's motions to supplement the record are granted and his motion to strike appellee's addendum is denied.
 
 
 9
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Donald D. Alsop, Senior United States District Judge for the District of Minnesota
 
 
 [2]
 Rule 41(e) states that "[a] person aggrieved by an unlawful search and seizure or by the deprivation of property may move the district court for the district in which the property was seized for the return of the property on the ground that such person is entitled to lawful possession of the property."