36 F.3d 1101
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Robynne Beth HAYES, also known as Robin Gates, Appellant.
 No. 94-2162.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: September 30, 1994.
Filed: October 5, 1994.
 
 Before WOLLMAN, BEAM, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Robynne Beth Hayes appeals her 136-month sentence imposed by the district court[1] after she pleaded guilty to conspiring to distribute and to possess with intent to distribute crack cocaine, in violation of 21 U.S.C. Secs. 841(a)(1) and (b)(1)(B) and 846. We affirm.
 
 
 2
 The presentence report indicated a total offense level of 29, a criminal history category of VI, and a sentencing range of 151 to 188 months. The district court granted Hayes an additional two-level reduction for her minor participation in the offense but declined to depart downward from her sentencing range. The court sentenced her to 136 months' imprisonment and four years' supervised release and imposed restitution of $1150.
 
 
 3
 On appeal, Hayes argues the district court should have departed downward based on the disparity between her sentence and that of her codefendant-husband, on her family circumstances and responsibilities, and on the disparities caused by the 100:1 ratio between crack and powdered cocaine penalties.
 
 
 4
 We do not review a district court's discretionary refusal to depart absent a conclusion by the district court that it lacked authority to do so. United States v. Bieri, 21 F.3d 811, 817 (8th Cir. 1994), petition for cert. filed, 63 U.S.L.W. 3150 (U.S. Aug. 3, 1994) (No. 94-284). Here, the district court found no circumstances warranting a departure. Hayes's sentence differs from her codefendant's because of the difference in their criminal histories: her criminal history category was VI, his was I. See United States v. Granados, 962 F.2d 767, 774 (8th Cir. 1992) ("disparity will always exist so long as sentences are based upon the specific facts of each individual defendant's case"). The district court acknowledged that Hayes had very young children and that both parents were being sentenced. The court nonetheless noted that family status is not usually a factor that warrants departure, see U.S.S.G. Sec. 5H1.6, and determined that Hayes's situation was not so unusual as to warrant departure. See Bieri, 21 F.3d at 818. The court did take these circumstances into account in sentencing Hayes at the low end of her sentencing range and in granting her additional time before "self-surrender" in order to help her youngest child make the adjustment.
 
 
 5
 The district court correctly concluded that it had no authority to depart on the basis of any racial disparity caused by the 100:1 ratio between crack and powdered cocaine penalties. We have recently reaffirmed our conclusion "that the disparate impact of the 100:1 ratio is not a proper basis for downward departure." United States v. Maxwell, 25 F.3d 1389, 1401 (8th Cir. 1994); see also United States v. Clary, No. 94-1422, slip op. at 4-10 (8th Cir. Sept. 12, 1994).
 
 
 6
 Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable Michael J. Melloy, Chief Judge, United States District Court for the Northern District of Iowa