53 F.3d 335
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of America, Appellee,
v.
Sergio BONFIL-DOMINGUEZ, Appellant.
 No. 94-3193.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Apr. 12, 1995.
Filed: May 1, 1995.
 
 Before LOKEN, HANSEN, and MURPHY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Sergio Bonfil-Dominguez appeals his 57-month sentence imposed by the district court[1] after he pleaded guilty to illegal re-entry into the United States by an alien previously convicted of an aggravated felony, i.e., drug trafficking, in violation of 8 U.S.C. Sec. 1326(b). We affirm.
 
 
 2
 At sentencing, Bonfil-Dominguez's counsel asked the court only to sentence Bonfil-Dominguez at the low end of his Guidelines range based on his circumstances, including family ties and responsibilities and his financial support of his family. The court sentenced Bonfil-Dominguez to 57 months of imprisonment-the lowest possible sentence within his Guidelines range-and three years supervised release, stating "[i]t would be unlawful for me, in my opinion, to depart from [the] guideline range under the circumstances of this case."
 
 
 3
 On appeal, Bonfil-Dominguez argues for the first time that the failure of the sentencing court to recognize that it had discretion to deviate downward from the Guidelines under U.S.S.G. Sec. 5K2.0 requires remand for consideration of such a departure.
 
 
 4
 We will not reverse a district court's refusal to depart downward where it was aware of its authority to do so. United States v. Brown, 903 F.2d 540, 545 (8th Cir. 1990); United States v. Evidente, 894 F.2d 1000, 1004 (8th Cir.), cert. denied, 495 U.S. 992 (1990). We believe the court's statement "under the circumstances of this case" was an expression of its belief that a downward departure was not warranted under the particular facts of this case rather than a determination that it lacked the power to depart. See United States v. Bieri, 21 F.3d 811, 818 (8th Cir.) (interpreting phrase "under the facts of this case" as district court's acknowledgment that a downward departure was not justified, rather than district court's belief that it was barred as a matter of law from departing from Sentencing Guidelines), cert. denied, 115 S. Ct. 208 (1994).
 
 
 5
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska