60 F.3d 831
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of America, Appellee,
v.
Marion Devon SMITH, Appellant.
 No. 95-1269
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 29, 1995
Filed: July 6, 1995
 
 Before FAGG, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Marion Devon Smith appeals his conviction for possessing with intent to distribute crack cocaine, in violation of 21 U.S.C. Sec. 841(a)(1). Smith argues only that the district court[1] erred in denying his motion to suppress the evidence obtained through a search warrant. We affirm.
 
 
 2
 After completing three controlled purchases of crack cocaine from Smith's brother, Marcus, law enforcement officers sought and obtained a warrant to search the Smith residence, its curtilage, and any vehicles on the curtilage, for cocaine, cocaine paraphernalia, and other related materials and documents. A search of the residence produced approximately 27 grams of cocaine base. Marion Smith later made a statement admitting the drugs belonged to him. The district court denied Smith's motion to suppress the physical evidence, holding that the warrant was supported by probable cause. On appeal, Smith argues that the affidavit for the warrant did not provide probable cause to believe cocaine would be found inside the residence.[2]
 
 
 3
 We review under a clearly-erroneous standard a district court's determination that probable cause existed to issue a search warrant, giving considerable deference to the issuing judge's determination of probable cause. See United States v. Bieri, 21 F.3d 811, 815 (8th Cir.), cert. denied, 115 S. Ct. 208 (1994). "Probable cause" is a "fair probability that contraband or evidence of a crime will be found in a particular place." United States v. Robertson, 39 F.3d 891, 892 (8th Cir. 1994) (quoting United States v. Tagbering, 985 F.2d 946, 949 (8th Cir. 1993)), cert. denied, 115 S. Ct. 1812 (1995). A totality-of-the-circumstances approach is employed in determining whether probable cause existed. See Illinois v. Gates, 462 U.S. 213, 230 (1983).
 
 
 4
 The district court did not clearly err in concluding that there existed a "fair probability" cocaine would be found in the residence. The officers' affidavit in support of their warrant request detailed the three controlled purchases from Marcus Smith. The second occurred at the Smith residence-apparently not inside the house, but presumably on the curtilage or adjacent street-a location that Marcus had arranged. Immediately after the final controlled purchase, which occurred away from the Smith residence, Marcus was observed returning in his car to the residence. The affidavit also indicated that Marcus lived at the residence, as his car registration bore that address and he had provided that address to police on prior occasions. Thus, the affidavit showed a sufficient nexus between Marcus's criminal activity and the Smith residence. Cf. United States v. Lalor, 996 F.2d 1578, 1582-83 (4th Cir.) (warrant invalid where affidavit was devoid of any basis for inferring that evidence of drug activity was likely to be found at residence), cert. denied, 114 S. Ct. 485 (1993).
 
 
 5
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable William R. Wilson, Jr., United States District Judge for the Eastern District of Arkansas
 
 
 [2]
 We grant Smith's motion to supplement the record on appeal with copies of the affidavit and warrant