# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2662

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Gaylen Maurice Jackson, | * | |
| | * | [PUBLISHED] |
| Appellant. | * | |

_____

Submitted: December 15, 1998

Filed: February 17, 1999

_____

Before MCMILLIAN, LAY and HALL,[1] Circuit Judges.

_____

PER CURIAM.

On March 17, 1998, a jury found Gaylen Maurice Jackson guilty of violating 18 U.S.C. § 922(g)(1) as a felon in possession of a firearm. Jackson was sentenced to 240 months in prison and five years of supervised release. On appeal, Jackson asserts that police officers seized him in violation of his Fourth Amendment rights

_____

[1]The Honorable Cynthia H. Hall, United States Circuit Judge for the Ninth Circuit, sitting by designation.

and that the resulting evidence seized and statements made should be suppressed as fruits of the poisonous tree. The fundamental issue involved in this appeal is whether the police officers had reasonable articulable suspicion to stop and interrogate the defendant.

On September 10, 1997, Minneapolis Police Officers Thomas Mack and Francisco Porras were dispatched to investigate shots that were fired in the rear of 2640 Blaisdell Avenue South in Minneapolis. The uniformed officers were driving a marked patrol car and entered an alley behind Blaisdell Avenue within one minute after receiving the dispatch, turning off the lights of the squad car as they entered the alley. As the squad car pulled into the alley, the officers noticed the defendant riding a bicycle in the area behind 2640 Blaisdell. After Jackson saw the car, he began to pedal his bicycle away from the marked squad car and continued to look over his shoulder at the car. Jackson then jumped off his bicycle and began to run. The officers noticed that the defendant held his left hip area as he ran as though he were preventing an object from falling. The officers then stopped their car, identified themselves as police officers and ordered Jackson to stop. Jackson continued to flee until Officer Mack eventually tackled him. As Officer Mack conducted a pat down search, Jackson stated, "It's in my waistband." Tr. at 90. Officer Porras saw the handle of a chrome plated handgun sticking out of Jackson's waistband and seized it. The officers then placed Jackson under arrest and took him to the police station where he was booked. The next day, Jackson gave a statement, after receiving *Miranda* warnings, in which he admitted that he was carrying a gun that evening and that he was a convicted felon.

Jackson urges that the officers lacked reasonable articulable suspicion to detain him for an investigative stop under *Terry v. Ohio*, 392 U.S. 1 (1968), and that, as such, the gun and the statements were fruits of the illegal seizure. Relying on *California v. Hodari D.*, Jackson asserts and the government agrees that Jackson was seized at the moment Officer Mack tackled him. *See California v. Hodari D.*, 499

U.S. 621, 626 (1991) (seizure occurs when there is physical application of force by the officer or submission to the officer's assertion of authority). Therefore, we must determine whether the officers had reasonable articulable suspicion to detain Jackson at the time Officer Mack tackled him.

We agree with the government that the officers possessed particularized reasonable suspicion under the circumstances to stop and briefly detain Jackson for questioning. The officers responded within one minute to a call that shots had been fired at an address located in a high-crime neighborhood. Defendant was behind the area where the shots had been fired and nervously began to flee the area when the police approached in a marked squad car. He continued to look back at the squad car as he fled, and eventually dropped his bike and ran. The officers noticed that he appeared to be clutching something at his left side. As the officers took chase, they announced that they were officers and yelled at Jackson to stop. Yet, Jackson continued to flee.[2] This court has considered similar circumstances and found that they supplied reasonable articulable suspicion. *See United States v. Atlas*, 94 F.3d 447, 450-51 (8th Cir. 1996) (considering the dangerousness of the area and the defendant's nervous reaction to find reasonable suspicion); *United States v. Bloomfield*, 40 F.3d 910 (8th Cir. 1994) (en banc) (considering defendant's nervousness contributing factor to reasonable suspicion); *United States v. Raino*, 980 F.2d 1148, 1150 (8th Cir. 1992) (holding that reasonable suspicion existed where officers were responding to late-night call that shots had been fired in precisely the area where the defendant's car was parked and the defendant pulled away and appeared nervous as officers approached). Under these circumstances, the officers' suspicion was reasonable and justified stopping Jackson for further investigation.

---

[2]Jackson argues that he did not know he was being followed by police officers and that, as such, his flight was a reasonable and typical reaction to being followed by unknown individuals in a bad neighborhood. We reject his contention because the officers were driving a marked squad car, they were wearing their uniforms and they identified themselves as police officers as they chased him on foot.

Furthermore, it was reasonable for Officer Mack to tackle Jackson to effect the investigative stop. We do not believe the tackle exceeded the amount of force appropriate under the circumstances. *See United States v. Seelye*, 815 F.2d 48 (8th Cir. 1987); *Tom v. Voida*, 963 F.2d 952, 958 (7th Cir. 1992). Once police have the reasonable suspicion needed to justify an investigatory stop they may use the forcible means necessary to effectuate that stop as long as their actions are reasonable under the circumstances. *United States v. Weaver*, 8 F.3d 1240, 1244 (7th Cir. 1993); *Tom v. Voida*, 963 F.2d 952, 958 (7th Cir. 1992).

The judgment of conviction is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.