# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3271WM

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Western |
| v. | * | District of Missouri. |
| | * | |
| Nathaniel M. Graham, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: February 9, 1999
Filed: February 18, 1999

_____

Before FAGG and HANSEN, Circuit Judges, and ROSENBAUM,[*] District Judge.

_____

PER CURIAM.

After intercepting a package of cocaine, the police conducted a controlled delivery in Kansas City, Missouri. When an undercover officer attempted to deliver the package, Nathaniel M. Graham's minor child answered the door. Graham, who was seated directly across the street from the address listed on the package, instructed the undercover officer to leave the package with Graham's minor child and an adult would sign for it later. Following the delivery, the police executed an anticipatory search warrant and seized the cocaine from Graham as he tried to flee. The district

_____

[*]The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota, sitting by designation.

court denied Graham's pretrial motions, and a jury convicted Graham of attempting to possess cocaine with the intent to distribute. Graham appeals, and we affirm.

Initially, Graham contends the district court erroneously denied his motions to quash the search warrant and suppress the cocaine and telephone bill seized during the search. We disagree. The affidavit supporting the search warrant stated the package contained cocaine and the police would not execute the warrant until after delivery. Additionally, the search warrant stated the police could seize any evidence showing occupancy and control of the residence, such as a utility bill. Under these circumstances, the affidavit established probable cause to search for the cocaine, the police reasonably relied on the warrant to seize Graham's telephone bill, and the district court correctly denied Graham's motions. See United States v. Bieri, 21 F.3d 811, 815 (8th Cir. 1994); United States v. Tagbering, 985 F.2d 946, 949-50, 950-51 (8th Cir. 1993).

We also reject Graham's other contentions. Graham argues the district court wrongly denied his motion to suppress his post arrest statements because the controlled delivery amounted to police deception and tainted the statements. Contrary to Graham's argument, the record shows the police did not resort to coercive conduct or trickery. The police advised Graham of his Miranda rights three times, and shortly after Graham waived his rights, he offered voluntary statements. Next, Graham claims the district court improperly admitted evidence of his earlier drug activity. The district court denied Graham's pretrial motion in limine to exclude this evidence, and his tactical decisions to forego an objection when the Government offered the evidence at trial, to testify about his drug activity, and to challenge the credibility of the Government's witness on cross-examination, precludes review on appeal. See United States v. Brown, 956 F.2d 782, 787 (8th Cir. 1992). Graham also contends the police officer's delivery of the package to Graham's minor child was outrageous conduct. Having examined the record, we conclude Graham failed to show the officer's conduct was fundamentally unfair. See United States v. Gleason,

980 F.2d 1183, 1186-87 (8th Cir. 1992). Graham was seated directly across the street from the house during the delivery, Graham directed the officer to leave the package with the child, and the officer merely followed Graham's instructions.

Finally, although we generally do not consider arguments raised in pro se briefs by a party represented by counsel, see United States v. Blum, 65 F.3d 1436, 1443 n.2 (8th Cir. 1995), we have considered Graham's pro se arguments and conclude they are either raised for the first time on appeal, without legal merit, or both.

We affirm Graham's conviction.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.