# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3190

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Guy Marshall Tarrents, | * | District of Minnesota. |
| | * | |
| Appellant. | * | [UNPUBLISHED] |
| | * | |

_____

Submitted: May 5, 2004

Filed: May 10, 2004

_____

Before MELLOY, HANSEN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Following sentencing upon his conditional guilty plea to bank robbery, Guy Marshall Tarrents challenges the district court's[1] denial of both his motion to suppress and his motion for a downward departure based on his diminished mental capacity.

---

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

Having carefully reviewed the record, we conclude the district court properly denied Tarrents's motion to suppress. See United States v. James, 353 F.3d 606, 612 (8th Cir. 2003) (standard of review). Tarrents's van matched the description of the getaway van a state trooper had received from the dispatcher; the trooper observed Tarrents's van a few miles from the bank less than thirty minutes after the robbery; and Tarrents attempted to flee after being ordered by a deputy sheriff to exit the van. See Terry v. Ohio, 392 U.S. 1, 30 (1968); United States v. Jackson, 175 F.3d 600, 601-02 (8th Cir. 1999) (per curiam) (defendant's attempt to flee police is factor in creating reasonable suspicion); United States v. Juvenile TK, 134 F.3d 899, 901-04 (8th Cir. 1998) (upholding Terry stop where officers had stopped gray vehicle they saw less than 2 blocks from scene of robbery and within 5 minutes after receiving dispatch that robber had fled in "gray vehicle").

As to Tarrents's departure motion, the district court's comments that "the facts of this case do not meet the standards for a departure" indicate that the court believed it had authority to depart downward under USSG § 5K2.13, but declined to do so. United States v. Bieri, 21 F.3d 811, 817-18 (8th Cir. 1994) (district court's statement that it had no authority to depart "under the facts of this case" indicated exercise of discretion not to depart). Where the district court assumes that it has authority to depart, its discretionary decision not to depart is unreviewable. See United States v. Goodson, 165 F.3d 610, 615 (8th Cir. 1999).

Accordingly, we affirm.

_____