# United States Court of Appeals
### For the Eighth Circuit

_____

No. 24-1724

_____

United States of America

*Plaintiff - Appellee*

v.

Jeremiah Fontae Chumley

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Central

_____

Submitted: April 18, 2025
Filed: August 13, 2025
[Unpublished]

_____

Before ERICKSON, ARNOLD, and STRAS, Circuit Judges.

_____

PER CURIAM.

Before conditionally pleading guilty to illegal possession of a firearm, *see* 18 U.S.C. § 922(g)(1), Jeremiah Chumley moved to exclude the main pieces of evidence against him: the handgun he tossed while tussling with officers and the

incriminating statements he made afterward. The district court[1] denied the motion, and we affirm.

## I.

A 911 caller reported seeing several armed men in the parking lot of a Des Moines restaurant. When officers arrived, one approached Chumley, requested he stand, and asked whether he "ha[d] any firearms." He stood and brushed against the officer's arm, but he did not answer the question. Instead, he "took off" running, "grabb[ed] his front waistband," and struggled with the officers who were standing in his way. During the melee, he pulled out a handgun and threw it on the floor. After the officers subdued him, he made several incriminating statements.

In his view, the officer who initially approached him lacked reasonable suspicion. *See Terry v. Ohio*, 392 U.S. 1, 21 (1968); *United States v. Morgan*, 729 F.3d 1086, 1089 (8th Cir. 2013) (explaining that an officer may only "detain a person . . . when the officer has a reasonable suspicion supported by articulable facts that criminal activity may be afoot" (citation omitted)). The district court ruled that, regardless of what the first officer knew, the others had probable cause to arrest him once he took off running. We review "legal questions lurking behind the district court's denial of [Chumley's] motion to suppress" de novo. *United States v. James*, 3 F.4th 1102, 1104 (8th Cir. 2021).

## II.

Chumley's focus is on the initial encounter, which he believes was an illegal stop. There is no bright-line rule distinguishing *Terry* stops from consensual encounters, but the touchstone is whether a reasonable person would have believed

---

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa, adopting in part the report and recommendation of the Honorable Helen C. Adams, Chief United States Magistrate Judge for the Southern District of Iowa.

that he or she was "free to leave." *United States v. Hathcock*, 103 F.3d 715, 719 (8th Cir. 1997) (citation omitted). If the encounter here was consensual, then there was no seizure and the Fourth Amendment does not apply. *See Florida v. Bostick*, 501 U.S. 429, 434 (1991).

"[A] seizure does not occur simply because a police officer approaches an individual and asks a few questions." *Id.* Nothing here suggests the officer's statements were so "intimidating, threatening[,] or coercive that a reasonable person would not have believed himself free to leave," *Hathcock*, 103 F.3d at 718 (citation omitted), even if there was some incidental contact between them, *see Torres v. Madrid*, 592 U.S. 306, 325 (2021) (holding that "the application of physical force . . . *with intent to restrain* is a seizure" (emphasis added)).

Running in response to the question about the gun is what gave the officers reasonable suspicion to think he might have one. *See* Iowa Code § 724.4(1) (2018) (making "go[ing] armed with a dangerous weapon concealed on or about the person" an "aggravated misdemeanor"). Grabbing his waistband, a common place to conceal a firearm, only heightened their suspicions. *See United States v. Jackson*, 175 F.3d 600, 602 (8th Cir. 1999) (per curiam) (concluding that reasonable suspicion existed when the defendant "began to flee the area when the police approached" and "appeared to be clutching something at his left side"). Stopping him under those circumstances did not violate the Fourth Amendment. *See id.*

Besides, even if the initial encounter was a seizure, it would make no difference because the officers had probable cause to arrest Chumley once he resisted their efforts to stop him. *See United States v. Flores-Lagonas*, 993 F.3d 550, 560 (8th Cir. 2021) ("[A] defendant's response to an arrest or *Terry* stop—even an invalid one—may constitute independent grounds for arrest."); *United States v. Sledge*, 460 F.3d 963, 966 (8th Cir. 2006) ("In our circuit, resistance to an illegal arrest can furnish grounds for a second, legitimate arrest." (citation omitted)). In Iowa, "resist[ing] or obstruct[ing]" arrest qualifies as interference with an official act. Iowa Code § 719.1(a) (2017); *see State v. Wilson*, 968 N.W.2d 903, 918 (Iowa

2022) (noting that "the standard for establishing a violation of the interference[-]with[-]official[-]acts statute is generally fairly low"). After Chumley committed this "new and distinct crime," anything that happened before became irrelevant from an exclusionary-rule perspective. *Sledge*, 460 F.3d at 966 (citation omitted); *see id.* (explaining that, once a "new crime" is committed, "the Fourth Amendment's exclusionary rule does not bar evidence" discovered afterward (citation omitted)).

## III.

We accordingly affirm the judgment of the district court.

_____